IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 25, 2007**

Charles R. Fulbruge III
Clerk

No. 06-21001
Summary Calendar

MARIA DEL CARMEN GUILBOT SERROS DE GONZALEZ, Individually
and as Independent Administrator of the Estate of Miguel Angel Luis
Gonzalez y Vallejo; LUIS AMADEO GONZALEZ GUILBOT; GUILLERMO
GONZALEZ GUILBOT; CARMEN ISABEL GONZALEZ GUILBOT;
GERARDO GONZALEZ GUILBOT; JAVIER GONZALEZ GUILBOT;
MADEIRA INTERNATIONAL LTD; FRANCEVILLE INTERNATIONAL
LTD, ARKHANGEL INTERNATIONAL LTD,

                                        Plaintiffs - Appellees,

v.

CARLOS ALBERTO GONZALEZ GUILBOT,

                                        Defendant - Appellant.

Appeal from the United States District Court
for the Southern District of Texas
4:06-CV-3686

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    This is an appeal from an order of remand entered pursuant to 28 U.S.C.
§ 1447(c) for lack of subject matter jurisdiction. The defendant-appellant, Carlos

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Alberto Gonzalez Guilbot, does not challenge the substance of the remand order. Instead, Guilbot argues that the remand procedure was defective because § 1447(c) provides that "[a] certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court," but here, instead of mailing the remand order, the clerk issued a certified copy of the remand order to plaintiffs' counsel so that counsel could hand deliver the order to the state court and expedite the remand. Guilbot also argues that the district court's award of attorneys fees was an abuse of discretion.

The record contains no indication that Guilbot objected to the remand procedures that the clerk used in this case. Had Guilbot presented to the district court his argument that the remand procedures were defective, the district court could have easily resolved this issue by instructing the clerk of court to mail a copy of the remand order to the clerk of the state court in addition to providing plaintiffs' counsel with a copy of the order for hand delivery. Because Guilbot has failed to establish that this issue was properly presented to the district court, it is deemed waived. See Patterson v. Dean Morris, L.L.P., 448 F.3d 736, 741 n.5 (5th Cir. 2006) ("Because [the defendants] offer no evidence that they presented this specific claim to the district court, we consider it waived on appeal.").

Guilbot contends that his claim that the remand procedures were defective touches on issues of subject matter jurisdiction and therefore cannot be waived. He appears to rely on the well-settled principle that litigants can never consent to federal subject matter jurisdiction, and the lack of subject matter jurisdiction is a defense that cannot be waived. Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996); see also In re McCloy, 296 F.3d 370, 373 (5th Cir. 2002) ("[A] lack of subject matter jurisdiction may be raised at any time, and we can examine the lack of subject matter jurisdiction for the first time on appeal."). This principle, however, does not apply here. Guilbot does not assert the lack of subject matter

jurisdiction as a defense. On the contrary, he argues that this Court retains jurisdiction over this matter because the remand was defective, and therefore jurisdiction was never properly reinstated in the state court. Although "we must always be vigilant to ensure that we have subject matter jurisdiction . . .[,] this discipline is separate from our declining to address untimely raised legal theories in support of that jurisdiction." Ceres Gulf v. Cooper, 957 F.2d 1199, 1207 n.16 (5th Cir. 1992). As presented to this Court, the appellant's argument that the remand procedures were defective can be waived, and it was.

In addition, even assuming that Guilbot preserved this argument, we nonetheless would not consider it. We lack jurisdiction on an appeal from the district court's remand order to consider a challenge to the clerk's compliance with the remand procedures in § 1447(c). Section 1447(d) states in relevant part: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." We have "recognized that § 1447(d) intends to insulate from appellate review a district court's determinations as to its subject matter jurisdiction and compliance with remand procedures." Tramonte v. Chrysler Corp., 136 F.3d 1025, 1027 (5th Cir. 1998) (emphasis added); see also Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 351 (1976) ("[T]o prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues, Congress immunized from all forms of appellate review any remand order issued on the grounds specified in § 1447(c), whether or not that order might be deemed erroneous by an appellate court." (citation omitted)). Applying § 1447(d), we lack jurisdiction to review the particular certification and mailing procedures authorized by the district court and employed by the clerk in this case.

We do, however, have jurisdiction to review the district court's award of attorneys fees under § 1447(c). See Hornbuckle v. State Farm Lloyds, 385 F.3d 538, 541 (5th Cir. 2004). We review a district court's award of attorneys fees for

abuse of discretion and the factual findings underlying a fee award for clear error. Id.; League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist., 119 F.3d 1228, 1232 (5th Cir. 1997). In the context of remand orders, however, "[f]ees should only be awarded if the removing defendant lacked 'objectively reasonable grounds to believe the removal was legally proper.'" Hornbuckle, 385 F.3d at 541 (quoting Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 293 (5th Cir. 2000)). In this case, the district court correctly concluded that Guilbot had no objectively reasonable basis for removal. Moreover, the district court's factual findings with respect to the amount of the fee award were not clearly erroneous. Therefore, we conclude that the district court did not abuse its discretion in awarding $7,500 to the plaintiffs-appellants.

For these reasons, we AFFIRM.