Miguel Angel GONZALEZ GUILBOT, Carlos A. Gonzalez Guilbot, and Maria Rosa Del Arena De Gonzalez, Appellants

v.

In the ESTATE OF Miguel Angel Luis GONZALEZ Y VALLEJO, Appellee.

No. 14–07–00047–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 30, 2008.

---

Andres Chaumont, Armando Lopez, Houston, TX, for appellants.

Hector Garcia Longoria, Daryl L. Moore, Houston, TX, for appellees.

Panel consists of Justices YATES, GUZMAN, and BROWN.

## OPINION

LESLIE B. YATES, Justice.

Appellants Miguel Angel Gonzalez Guilbot, Carlos A. Gonzalez Guilbot, and Maria Rosa del Arena de Gonzalez appeal from the trial court's sanctions order and judgment awarding over $205 million in compensatory damages, punitive damages, and attorney's fees against them to various parties, including appellee the Estate of Miguel Angel Luis Gonzales y Vallejo. They argue that the sanctions order and judgment are void because (1) they were entered after appellants unsuccessfully removed the case to federal court but before the remand was complete, and thus the trial court had no jurisdiction, and (2) the sanctions order and judgment were entered while motions to recuse the relevant judges were pending. We conclude that the trial court had jurisdiction because the remand was complete, but the sanctions order and judgment are nevertheless void because they were entered by judges with pending recusal motions. Therefore, we reverse the sanctions order and judgment and remand for further proceedings.

### I. Factual and Procedural Background

This dispute centers around a large family enterprise and the litigation that ensued between family members after one of the co-founders of the business died. The co-founder's will was probated in 2003, and

litigation began between the parties in 2004.

After several previous trial settings, in November 2006, Probate Judge Mike Wood set the case for trial on January 8, 2007. About a week later, appellants removed the case to the United States District Court for the Southern District of Texas, Judge Lee Rosenthal's court. Within a month, Judge Rosenthal remanded the case and awarded attorney's fees to appellee after concluding that appellants had no objectively reasonable basis for seeking removal. *See* 28 U.S.C. § 1447(c). To expedite the case's progress post-remand, Judge Rosenthal gave appellee's counsel a certified copy of the remand order to hand deliver to the state court. Despite the general rule prohibiting appeal of remand order, *see id.* § 1447(d), appellants appealed the remand order to the Fifth Circuit Court of Appeals.

While the Fifth Circuit appeal was pending, appellants filed a motion to recuse Judge Wood. Judge Wood refused to recuse himself and referred the motion to Judge Guy Herman, Presiding Judge, Statutory Probate Courts. Judge Herman then assigned Probate Judge Gladys Burwell to hear the motion to recuse Judge Wood. Appellants thereafter filed motions to recuse both Judge Herman and Judge Burwell. Judge Herman set all three motions for hearing before himself. Appellants did not appear at the hearing but instead sent a legal assistant to observe. Judge Herman denied all the motions to recuse, including the motion to recuse himself, and assessed $12,000 in sanctions against appellants after finding the recusal motions were frivolous.

Judge Wood then held a bench trial and entered a final judgment, awarding judgment against appellants. This appeal followed.

## II. Analysis

### A. Post–Removal Jurisdiction

■ In their second issue, appellants argue that the trial court did not have jurisdiction to enter a final judgment because the post-removal jurisdictional transfer back to state court has never been completed.

■ If a party follows the proper procedure for removing a case to federal court, the state court loses jurisdiction and may not proceed further unless the case is remanded. *See* 28 U.S.C. § 1446(d); *In re Sw. Bell Tel. Co.*, 235 S.W.3d 619, 624 (Tex.2007) (orig. proceeding). If the federal court determines removal was improper and remands the case, "[a] certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court." 28 U.S.C. § 1447(c).

After assessing attorney's fees for a frivolous removal and issuing a remand order, Judge Rosenthal gave appellee's counsel a copy of the remand order to hand deliver to the state court and thereby expedite the case, and this order was filed in the state court on December 15, 2006, the day after Judge Rosenthal signed the remand order. Appellants argue that because the statute requires the clerk to mail a certified copy of the remand order to the state court, the hand delivery of the order did not complete the jurisdictional transfer. Thus, according to appellants, the state court never regained jurisdiction, and any subsequent orders from the state court are void. *See Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex.1990) (orig. proceeding) (holding that orders issued by a trial court without jurisdiction are void).

During the pendency of the present appeal, the Fifth Circuit issued its opinion in appellants' federal appeal and concluded that (1) appellants waived on appeal any argument that the remand procedure was

defective because they never presented that issue to the district court and (2) in the alternative, it had no jurisdiction to consider a challenge to the clerk's compliance with the relevant remand procedure. *See Gonzalez v. Guilbot*, 255 Fed.Appx. 770, 771–72 (5th Cir.2007).

■ Appellants did not seek further appeal of this case to the United States Supreme Court, and thus the Fifth Circuit's opinion has become the law of the case. *See City of Houston v. Precast Structures, Inc.*, 60 S.W.3d 331, 338 (Tex. App.–Houston [14th Dist.] 2001, pet. denied) (holding that law of the case doctrine applies when a party does not appeal an intermediate appellate court decision but instead allows the case to continue); *Lee v. Lee*, 44 S.W.3d 151, 154 (Tex.App.–Houston [1st Dist.] 2001, pet. denied) (same). Ordinarily, a court should adhere to prior decisions in the litigation except in situations such as a change in the facts or parties or if the prior decision was clearly erroneous. *See Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex.2003); *Lee*, 44 S.W.3d at 153–54. The law of the case doctrine is based on public policy and is intended to achieve uniformity of decisions and to promote judicial economy by narrowing the issues for review in successive steps of the litigation. *See Briscoe*, 102 S.W.3d at 716; *City of Houston*, 60 S.W.3d at 337.

The Fifth Circuit decided the exact issue appellants raise here under identical facts. We see no clear error here or other reason not to follow the Fifth Circuit's rulings as the law of the case. Appellants argue that we should not follow the Fifth Circuit's

opinion because, by refusing to condemn a jurisdictional transfer based on hand delivery instead of mailing of the remand order, it conflicts with *Quaestor Investments, Inc. v. Chiapas*, 997 S.W.2d 226 (Tex.1999).[1] *Quaestor* held that jurisdiction revests in the state court after remand "when the federal district court executes the remand order and mails a certified copy of the remand order to the state court." *Id.* at 227. Though *Quaestor* has language referring to mailing, the court was deciding between different points in time when jurisdiction could have been transferred— when the federal court entered the remand order, when the order was mailed, or when the state court received it. *See id.* at 228. *Quaestor* did not address the issue we have here—an alternative method of delivery to the state court with full knowledge of all parties and unequivocal, immediate receipt by the state court. Thus, we conclude that the Fifth Circuit's opinion does not conflict with Texas law, thereby constituting a clear error, and we follow its conclusions as the law of the case.

■ Finally, appellants briefly argue that the state court did not regain jurisdiction because their appeal to the Fifth Circuit also stopped the jurisdictional transfer. This argument is without merit. A state court is free to proceed post-remand, even if the remand order has been appealed, unless a stay order has been issued. *Academy Corp. v. Interior Buildout & Turnkey Constr., Inc.*, 21 S.W.3d 732, 737 (Tex.App.–Houston [14th Dist.] 2000, no pet.). No stay order was issued in this case.

---

1. Appellants also argue that we cannot follow or even consider the Fifth Circuit's opinion because it is unpublished and thus "not precedent" under Fifth Circuit Local Rule 47.5.4. However, this rule specifically excepts opinions needed to examine the law of the case. Thus, even if we accepted appellants' argument that we were prohibited from even considering an unpublished Fifth Circuit opinion, that would not apply in this case. *See also* FED. R.APP. P. 32.1(a) (prohibiting any restriction on citing to unpublished federal opinions issued on or after January 1, 2007).

We conclude that the post-remand jurisdictional transfer to the state court was complete at all relevant times, and therefore we overrule appellants' second issue.

## B. Recusal

■ In their first issue, appellants claim Judge Herman's sanctions order, entered after he denied all the motions to recuse, and Judge Wood's subsequent final judgment awarding over $205 million in damages are void because both were issued while the judges were burdened with recusal motions. We agree.

■ Texas law is clear that, when faced with a motion to recuse, a judge has only two options: grant the motion to recuse or refer the motion to another judge for a ruling. *See* TEX. GOV'T CODE ANN. § 25.00255(f) (Vernon Supp.2007); TEX.R. CIV. P. 18a(c); *In re Norman*, 191 S.W.3d 858, 860–62 (Tex.App.–Houston [14th Dist.] 2006, orig. proceeding). Judge Wood followed this procedure when he referred his recusal motion to Judge Herman. However, Judge Herman erred when he ruled on his own motion to recuse. *See Norman*, 191 S.W.3d at 860. He should instead have referred the motion to the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 74.057(a) (Vernon 2005) (authorizing Chief Justice to appoint judges as necessary); TEX.R. CIV. P. 18a(g) (stating that Chief Justice may appoint justices in conformity with recusal procedures). Because Judge Herman did not have the power to rule on his own recusal motion, all subsequent orders he entered are void. *See Norman*, 191 S.W.3d at 861. This includes Judge Herman's sanctions order and his order denying the motion to recuse Judge Wood. *See id.* Because Judge Herman's order denying the motion to recuse Judge Wood is void, a recusal motion was still pending against Judge Wood when he entered the final judgment, rendering the judgment void as well. *See id.*

Appellee argues that Judge Herman was not required to refer his recusal motion to the Chief Justice. This argument is based on sections 25.00255(i) and 25.0022(r) of the Government Code. *See* TEX. GOV'T CODE ANN. §§ 25.0022(r), 25.00255(i), (Vernon 2004 & Supp.2007). Under the version of section 25.00255(i) in effect at the time, after receiving a referral on a motion to recuse another judge, the presiding judge of the statutory probate courts must set a hearing before himself or another judge he so appoints and make other necessary orders.[2] However, this section does not address the situation in which the presiding judge himself is the subject of a recusal motion and certainly does not authorize him to rule on his own recusal motion. Appellee further contends that section 25.0022(r) makes the provisions of Chapter 74 of the Government Code authorizing the Chief Justice to appoint judges inapplicable to a recusal proceeding. Section 25.0022, entitled "Administration of Statutory Probate Courts," addresses subjects such as the selection and duties of presiding and assistant presiding probate judges,

---

**2.** *See* Act of June 20, 1997, 75th Leg., R.S., ch. 1435, § 2, 1997 Tex. Gen. Laws 5506, 5507, *amended by* Act of June 15, 2007, 80th Leg., R.S., ch. 1297, § 1, 2007 Tex. Gen. Laws 4363, 4364. The Texas Legislature amended this section, effective September 1, 2007, to require that the presiding judge of the statutory probate courts, instead of setting a hearing or appointing another judge, forward the request to the presiding judge of the administrative judicial district, who will then handle the matter. *See* Act of June 15, 2007, 80th Leg., R.S., ch. 1297, § 1, 2007 Tex. Gen. Laws 4363, 4364–65. Because the effective date of the amendment is after the trial court's rulings, this appeal is governed by the old statute. Thus, for convenience, all references in this opinion to § 25.00255(i) will be to the unamended version in effect at the time of the trial court's rulings.

who may be assigned, compensation, and expenses. *See* TEX. GOV'T CODE ANN. § 25.0022 (Vernon Supp.2007). Section 25.0022(r) states in part that "Chapter 74 ... do[es] not apply to the assignment under *this section* of statutory probate court judges." *Id.* § 25.0022(r) (emphasis added). Based on this language, appellee argues that section 74.057(a), which authorizes the Chief Justice to appoint judges as necessary, does not apply to appointing judges to hear recusal motion referrals. We disagree. It is section 25.00255, not section 25.0022, that addresses recusal motions; nothing in the statute suggests that the exclusionary language of section 25.0022(r) should also be applied to recusal procedures under section 25.00255. Further, independent of section 25.0022(r), Texas Rule of Civil Procedure 18a(g), which also governs recusal motions, similarly authorizes the Chief Justice to appoint and assign judges to handle recusal motions.

Appellee insists that if Judge Herman had referred his recusal motion to the Chief Justice, appellants would have simply filed yet another recusal motion against him. To avoid this and to end appellants' attempts to bring the system to a stand still, Judge Herman decided to take a stand and invent his own solution. Appellee urges that this was permissible under the circumstances, relying on cases in which appellate courts facing motions to recuse all judges on the court have "fashioned a remedy" of ruling on each other's recusal motions. *See McCullough v. Kitzman*, 50 S.W.3d 87, 88 (Tex.App.–Waco 2001, pet. denied); *Sears v. Olivarez*, 28 S.W.3d 611, 615–16 (Tex.App.–Corpus Christi 2000, no pet.). Appellee argues that, by analogy, we should validate Judge Herman's attempt to create a similar remedy. However, Judge Herman's remedy differed in one critical way—rather than having another judge rule on the recusal motion against him, he did it himself. Thus, even if these authorities supported giving Judge Herman discretion to create a similar remedy, he failed to do so because he ruled on his own recusal motion. Though Judge Herman was undoubtedly facing a frustrating situation, we find nothing in these cases that would authorize him to rule rather than referring the recusal motion against him to the Chief Justice.

■ Next, appellee argues that because the recusal motion filed against Judge Herman was the third recusal motion in the case, Judge Herman could continue to act on the case pursuant to Civil Practice and Remedies Code section 30.016. TEX. CIV. PRAC. & REM.CODE ANN. § 30.016 (Vernon 2008). Section 30.016 defines "tertiary recusal motion" as "a third or subsequent motion for recusal ... filed against a ... judge by the same party in a case" and states that a judge who declines recusal after a tertiary recusal motion is filed must comply with recusal procedural rules but may otherwise continue to preside over and handle the case as if the motion had not been filed. *Id.* § 30.016(a), (b). This court has interpreted section 30.016 as applying when a third recusal motion has been filed by the same party against the same judge. *See In re Whatley*, No. 14–05–01222–CV, 2006 WL 2257399, at *1 (Tex.App.–Houston [14th Dist.] Aug. 8, 2006, orig. proceeding) (mem. op.). Thus, because all three recusal motions in this case were filed against different judges, section 30.016 does not apply.[3] Appellee

---

**3.** The Texas Legislature has recently added a new section to the Government Code for probate cases, specifically providing that the term "tertiary recusal motion" includes any third or subsequent recusal motion filed in the same case by the same party, regardless of whether the motion is filed against the same or a different judge. *See* TEX. GOV'T CODE ANN.

argues that *Whatley* was incorrect and urges us to overrule it, but, absent circumstances not present here, we are bound by our prior decisions. *See Mallios v. Standard Ins. Co.*, 237 S.W.3d 778, 785 (Tex. App.–Houston [14th Dist.] 2007, pet. denied), *cert. denied,* —— U.S. ——, 129 S.Ct. 56, —— L.Ed.2d —— (2008).

 Finally, appellee contends that the recusal motion against Judge Herman had several procedural defects and that these defects constitute a waiver of appellants' right to complain about Judge Herman's failure to recuse himself. This court has clearly held that "[e]ven though a motion to recuse may be defective, the challenged judge must either recuse or refer the motion, so that another judge can determine the procedural adequacy and merits of the motion to recuse." *In re Norman,* 191 S.W.3d at 861. Even if the motion is defective, to avoid the appearance of impropriety, that determination must be made by another judge. *Id.* That was not done in this case.

For the foregoing reasons, we determine Judge Herman had no authority to rule on his own motion to recuse, thereby voiding both the sanctions order and final judgment in this case. We sustain appellants' first issue.

## C. Motion for Judicial Notice

Long after the briefing in this appeal was completed, appellants filed a "Motion for Judicial Notice," which requested that we take judicial notice of several items.

 First, appellants ask that we take notice of a prior pleading in which appellants claim that appellee admitted that Judge Herman should not have ruled on his own recusal motion. This issue is moot because we have already ruled that Judge Herman should not have ruled on the motion.

 Second, appellants request that we take notice of a letter pleading they filed regarding their argument that the Fifth Circuit opinion, issued on appeal from the remand order, has no precedential value and conflicts with Texas precedent. We have already considered and rejected these arguments independent of this motion, and thus this portion of the motion is also moot.

 Finally, appellants argue we should "take judicial notice of the doctrine of *Stare Decisis.*" Appellants do not explain how this argument supports any of their positions in this case, and in any event, we have followed applicable precedent in this case, rendering this request moot as well.

For these reasons, we deny as moot appellants' motion for judicial notice.

## III. Conclusion

We conclude that the trial court had jurisdiction to issue rulings because the post-remand jurisdictional transfer was complete at all relevant times. However, we conclude that Judge Herman had no authority to rule on his own recusal motion, and thus his subsequent rulings were void. As a result, Judge Herman's sanctions order and Judge Wood's final judgment are void. We therefore reverse the sanctions order and final judgment and remand for further proceedings consistent with this opinion.

§ 25.00256(a) (Vernon Supp.2007). However, this statute was not effective at the time and thus does not apply here. *See* Act of June 15, 2007, 80th Leg., R.S., ch. 1297, § 2, 2007 Tex. Gen. Laws 4364, 4364–65.