Opinion issued December 31, 2009













     




In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00435-CV




RONALD X. GORDON, Appellant

V.

DONALD ALLEN AND MARVIN AND DORIS BENNETT Appellees




On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause No. 06-CV-0072




MEMORANDUM OPINION

          Appellant Ronald X. Gordon challenges the trial court’s dismissal of his suit
to regain his real property or to obtain money damages for his loss as a result of a
transaction between himself and a bail bondsman. In two issues, Gordon argues that
(1) the trial court erred in taking action on the case when all of the parties were still
under federal jurisdiction and (2) the trial court erred by rendering judgment and
dismissing the case based on an order issued by another trial court.
          We affirm.
Background
          Gordon owned a four-plex in LaMarque and began residing there in 1988. In
1990, he claimed a homestead exemption for this property. In 1991, while he was in
jail, Gordon hired attorney Alton Williams to represent him. Gordon then conveyed
the property by warranty deed to a bondsman, who later conveyed the property to
Williams. Williams sold the property to Anna Marie Madison, a bona fide purchaser.



          Appellee Donald Allen was an officer with the Galveston County Sheriff’s
Office. As part of his duties, Allen interacted with local bonding companies and
served as the Sheriff’s representative on the Galveston County Bail Bond Board. 
Appellees Marvin and Doris Bennett are subsequent purchasers of the four-plex.
          Gordon filed the current suit in the 405th District Court of Galveston County. 
According to the briefing of the parties, Gordon originally named Galveston County
Bail Bonds Board and the Galveston County Sheriff as defendants. The trial court
apparently granted those parties’ motions for summary judgment and dismissed them
from the case on April 9, 2007. Allen was added as a defendant on April 18, 2007.
The trial court granted Allen’s motion for summary judgment on November 29,
2007.



          On December 7, 2007, Gordon filed a motion for reconsideration, asking the
trial court to reconsider its grant of Allen’s motion for summary judgment. On
December 10, 2007, Gordon filed his fourth amended petition, naming Allen, Marvin,
and Doris Bennett as defendants.


 Gordon alleged that Allen, “functioning in a
supervisory capacity,” is liable to him because he neglected to “enforce the Bail Bond
Act and/or the laws of the State of Texas,” allowing the bondsman to execute “illegal
lien(s) on Gordon’s homestead property,” and to sell the property to Williams. 
Gordon alleged that the Bennetts “unlawfully withhold from Gordon the possession
of the recorded ‘Residential Homestead Exemption’ premises” and that the Bennetts
had “no title or just claim to any interest in the property.” On January 11, 2008, the
Bennetts filed a pro se answer to Gordon’s claims denying any involvement in the
allegations made by Gordon.
          In February and March of 2008, Gordon filed in the trial court notices of
removal to the District Court for the Southern District of Texas. On March 26, 2008,
Judge Sim Lake for the Southern District of Texas signed a final judgment dismissing
Gordon’s complaints and remanding the portions of the action that were removed
from the 405th Judicial District Court of Galveston County. The clerk of the federal
court mailed a certified copy of the remand order to the Galveston County District
Clerk on March 27, 2008, and it was received on March 31, 2008.



          On April 23, 2008, the 405th District Court of Galveston County (“the state
trial court”) issued an order denying Gordon’s motion to reconsider its ruling in
granting Allen’s motion for summary judgment. On May 8, 2008, the state trial court
issued its order of dismissal of Marvin and Doris Bennett and all defendants.
That order states:
The Court has reviewed this entire file along with Cause No. 97CV1156
and Cause No. 95CV0315, which are cases filed by [Gordon] in
Galveston County Texas regarding the same subject matter as this suit. 
The only remaining defendants in this suit are Marvin and Doris
Bennett. The Court finds that [Gordon’s] claims against all the
Defendants and, in particular, the remaining defendants have no
arguable basis in law.
 
The state trial court then set out a time line tracing the complex procedural history of
Gordon’s various suits involving the property and taking judicial notice of several
documents and orders and judgments from other courts, including Madison v.
Gordon, 39 S.W.3d 604 (Tex. 2001), in which the Texas Supreme Court outlined the
various transfers of the four-plex and held that Madison was the bona fide purchaser
of the four-plex. The state trial court concluded that “any and all claims” by Gordon
against the Bennetts and “all of the defendants” were barred by res judicata and the
statute of limitations, that Gordon “has filed an affidavit of inability to pay pursuant
to [Texas Rule of Civil Procedure 145],” and Gordon’s claims against the Bennetts 
and “all of the Defendants have no arguable basis in law.” This appeal followed.
District Court’s Jurisdiction
          In his first issue, Gordon argues that the state trial court did not have
jurisdiction to take action on the case because all of the parties were still under
federal jurisdiction. Gordon argues that the final judgment of the United States
District Court for the Southern District of Texas remanding the cause to the state trial
court “did not factor in [Gordon’s appeal of] the final judgment rendered by the
federal district court” and that, because of his appeal of the federal district court’s
final judgment, the state trial court lacked jurisdiction to issue the dismissal order.
          This argument is without merit. The state trial court received notice of the
federal court’s remand order on March 31, 2008. A state court is free to proceed
post-remand, even if the remand order has been appealed, unless a stay order has been
issued. Gonzalez Guilbot v. Estate of Gonzalez y Vallejo, 267 S.W.3d 556, 560 (Tex.
App.—Houston [14th Dist.] 2008, pet. granted)


; Drew v. Unauthorized Practice of
Law Committee, 970 S.W.2d 152, 156 (Tex. App.—Austin 1998, pet. denied)
(holding that state district court could proceed with case on remand from federal court
notwithstanding that appeal of remand order was pending in circuit court of appeals
because there is no automatic stay pending appeal in federal system and appellant did
not request stay); see also 28 U.S.C. §§ 1447(c), (d) (“A certified copy of the order
of remand shall be mailed by the clerk to the clerk of the State court. The State court
may thereupon proceed with such case.”). No stay order was issued in this case.
          We overrule Gordon’s first issue.
Dismissal Order
          In his second issue, Gordon argues that the trial court erred by rendering
judgment and dismissing the case based on an order issued by another trial court.
          To support this issue, Gordon cites rules and cases prohibiting a trial court
from imposing sanctions to enforce an order of another trial court. However, Gordon
misconstrues the dismissal order issued by the trial court. That order did not attempt
to enforce another court’s order by sanctioning Gordon. Therefore, this argument is
without merit.
          The only other argument Gordon makes in his appellate brief is that res judicata
was not appropriate for his claims against Allen. Gordon does not attack in any way
the trial court’s grant of Allen’s motion for summary judgment or the other grounds
listed for dismissal of Gordon’s claims against the Bennetts and “all
defendants”—that the claims were barred by the statute of limitations and that they
had no arguable basis in law.


 “[A]n appellant must attack all independent bases or
grounds that fully support a complained-of ruling or judgment.” Britton v. Tex. Dep’t
of Crim. Justice, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.). 
If an appellant does not assign any error to an independent ground that, if meritorious,
would fully support the complained-of ruling or judgment, we must accept the
validity of that unchallenged independent ground and affirm the ruling or judgment. 
Id. at 680–81 (“This rule is based on the premise that an appellate court normally
cannot alter an erroneous judgment in favor of an appellant in a civil case who does
not challenge that error on appeal.”) (citing Walling v. Metcalfe, 863 S.W.2d 56, 58
(Tex. 1993)). Because Gordon did not attack other independent grounds that, if
meritorious, would fully support the trial court’s rulings, we accept the validity of the
unchallenged independent grounds. See id.
          We overrule Gordon’s second issue.
Conclusion
          We affirm the judgment of the trial court.
 
 



                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Keyes, Alcala, and Hanks.