08-0961 Maria del Carmen Guilbot Serros de Gonzalez v. Miguel Angel Gonzalez Guilbot








IN THE SUPREME COURT OF 
TEXAS
 
════════════
No. 08-0961
════════════
 
 
Maria del Carmen Guilbot Serros de Gonzalez, et 
al., Petitioners,
 
v.
 
Miguel Angel Gonzalez Guilbot, Carlos A. Gonzalez Guilbot, and Maria Rosa del Arenal 
de Gonzalez, Respondents
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the Fourteenth District of 
Texas
════════════════════════════════════════════════════
 
Argued January 21, 
2010
 
            
Justice Willett delivered 
the opinion of the Court. 
 
            
Justice Guzman did not 
participate in the decision.
 
 
            
This appeal concerns two issues: (1) the procedure required to revest a state court with jurisdiction after remand from 
federal court, and (2) the definition of “tertiary recusal motion” in Texas 
Civil Practice and Remedies Code section 30.016. We agree with the court of 
appeals that the hand-filing of a remand order in state court is sufficient to 
transfer jurisdiction back to state court. However, the court of appeals erred 
in holding that section 30.016’s reference to a “tertiary recusal motion” is 
limited to a third motion filed by the same party against the same judge. 
Accordingly, we affirm the court of appeals’ judgment in part and reverse it in 
part, and remand to that court with instructions.
I. Background
            
This intra-family dispute concerns the ownership and control of several 
food and beverage businesses formerly owned by Miguel Angel Luis Gonzalez y 
Vallejo, now deceased. Miguel was married to Maria del 
Carmen Guilbot Serros de 
Gonzalez, and together they had nine children. When Miguel died in 2003, his 
will was probated in Harris County. In May 2004, Maria, individually and as 
independent administrator of Miguel’s estate, along with several of the children 
(Plaintiffs)[1] filed suit in probate court against 
several defendants including two of Miguel and Maria’s sons, Carlos and Miguel 
(Defendants), for stealing from the family businesses. In June 2006, Judge Mike 
Wood determined that Defendants had produced forged stock certificates during 
discovery in order to claim majority ownership of certain family businesses. 
Judge Wood issued sanctions prohibiting Defendants from further claiming or 
disputing ownership of the corporations, and set a trial on damages for January 
8, 2007.
A. Remand
            
On November 14, 2006, Judge Wood gave notice of a hearing to be held 
November 27. Before the hearing, Defendants removed the case to federal district 
court alleging there was complete diversity of citizenship. Nevertheless, 
Plaintiffs’ counsel, Hector Longoria, appeared at the hearing and spoke with 
Judge Wood in open court and on the record. When Judge Wood asked about the 
status of the case, Longoria replied that the case had been removed, and that he 
was “going to do what I need to do to try to get it remanded back to here.” 
Judge Wood stated, “I’ve had a lot of experience in removals. . . . I can’t do 
anything.” Judge Wood cautioned Longoria to “read carefully the statutes,” and 
told him that “if the Order of Remand comes, then I would suggest that you bring 
a certified copy of it and give it to the clerk of this Court.”
            
On December 14, 2006, the federal district court signed and entered an 
order of remand and ordered Defendants to pay $7,500 in attorney fees because 
Defendants had “no objectively reasonable basis to believe removal of this case 
was proper.” That same day, the court provided to Longoria certified copies of 
the federal court docket sheet, memorandum on remand, and order of remand. The 
docket sheet indicates that these were given to “plaintiff’s counsel so that 
they can be expedited by hand delivery to Harris County Court no. 2.” Longoria hand-delivered those documents to the state court clerk the 
next morning.
            
Defendants appealed the remand order to the Fifth Circuit. The Fifth 
Circuit affirmed, holding: (1) Defendants had waived any objection to the remand 
procedure by failing to object; (2) the Fifth Circuit lacked jurisdiction to 
review the clerk’s compliance with remand procedures under 28 U.S.C. § 1447(c); 
and (3) the district court did not abuse its discretion in assessing $7,500 in 
sanctions.[2]
B. Recusal
            
Approximately two-and-a-half hours prior to Longoria’s hand-delivery of 
the remand order to the state court clerk, Defendants filed a motion to recuse Judge Wood. Judge Wood declined to recuse himself and forwarded the motion to Judge Guy Herman, 
the Presiding Judge of the Statutory Probate Courts. Judge Herman appointed 
Judge Gladys Burwell to hear the motion and set a hearing date. Prior to the 
hearing, Defendants’ counsel filed a second motion to recuse, this one against Judge Burwell. Defendants’ counsel 
then filed a third recusal motion, this one against Judge Herman. Judge Burwell 
forwarded the motions to Judge Herman, who reset all pending recusal motions for 
hearing on January 8, 2007. Defendants did not appear at that hearing.
            
Judge Herman first dismissed the motion to recuse Judge Burwell because it was filed by the attorney 
for the Defendants on his own behalf, not by the Defendants themselves, and 
Texas law requires that motions to recuse be “filed by 
parties, not by attorneys.” Judge Herman then dismissed the motion to recuse himself because it was also filed on behalf of 
Defendants’ counsel, not on behalf of the Defendants. Judge Herman went on to 
note that the motions improperly invoked Texas Rule of Civil Procedure 18a 
rather than Texas Government Code section 25.00255, which governs recusal 
procedure in statutory probate courts. Finally, Judge Herman heard the motion to 
recuse Judge Wood. Because Defendants did not put on 
any evidence or argument in support of their motion, Judge Herman denied the 
motion and awarded sanctions in the amount of $12,000 for “frivolous 
pleading[s]”.
            
After the recusal hearing, Judge Wood began a bench trial. Again, 
Defendants did not appear. Judge Wood signed a final judgment for Plaintiffs on 
January 12, 2007, awarding roughly $205 million in damages.[3]
C. Appeal
            
Defendants raised two discrete procedural points, the first governed by 
federal remand law, the second by state recusal law. Defendants argued the 
trial-court judgment and sanctions order were void because they were entered (1) 
before jurisdiction had revested in state court, and 
(2) while recusal motions were pending.
            
The court of appeals rejected the first argument but accepted the 
second.[4] It held that jurisdiction had revested in Judge Wood’s probate court, but his judgment and 
Judge Herman’s sanctions order were nevertheless void given the three pending 
recusal motions.[5] The court of appeals relied on its prior 
interpretation of Texas Civil Practice and Remedies Code section 30.016 in In re Whatley[6] and held that the provision for tertiary 
recusal motions only applies when a third recusal motion has been filed by the 
same party against “the same judge.”[7] The parties filed cross-petitions for 
review.
II. Discussion
A. Remand
            
The revesting-of-jurisdiction question turns on 
this portion of 28 U.S.C. § 1447(c): “A certified copy of the order of remand 
shall be mailed by the clerk to the clerk of the State court. The State court 
may thereupon proceed with such case.” Defendants argue that section 1447(c) 
contemplates mailing and only mailing, so Plaintiffs’ hand-delivery did not 
revest jurisdiction in the probate court but rather 
circumvented and violated the remand procedures we mandated in Quaestor Investments, Inc. v. State of 
Chiapas.[8] We disagree. When determining 
jurisdiction under section 1447(c), what matters more is what the federal court 
ordered, not what the federal clerk mailed.
            
In Quaestor, a state district court 
granted a default judgment to Quaestor Investments, a 
Texas corporation, against the State of Chiapas on April 19, 1995.[9] On October 5, 1995, five months and 
sixteen days after the default judgment was signed, Chiapas removed the 
suit.[10] The federal district court remanded the 
case on December 28, 1995.[11] On August 29, 1996, Chiapas filed a 
petition for writ of error in the court of appeals,[12] and Quaestor 
moved to dismiss the petition as untimely, arguing the petition must have been 
brought within six months of the date of judgment.[13] The court of appeals overruled Quaestor’s motion to dismiss and remanded to the trial 
court, holding that the appellate timetable recommenced when Quaestor gave notice to Chiapas of remand.[14] Quaestor then 
filed a petition for review in this Court.
            
The central question in Quaestor was 
when the appellate timetable recommenced after remand.[15] We held it 
recommenced upon the revesting of jurisdiction in 
state court, which happened “when the federal district court executes the remand 
order and mails a certified copy to the state court. To the extent that earlier 
Texas court of appeals cases indicate that jurisdiction revests when the federal court executes the remand order, we 
disapprove of that language.”[16] Defendants thus claim Quaestor’s broad language definitively established 
that the pivotal event for revesting is the mailing of 
the remand order by the federal-court clerk to the state-court clerk. Defendants 
misconstrue our holding.
            
Importantly, Quaestor did not involve 
the question presented here: whether jurisdiction revests when an executed remand order is hand-delivered to 
the state court in lieu of mailing. Today’s case raises an alternative delivery 
method, something we had no occasion to examine in Quaestor. In short, Quaestor simply cannot bear the unduly rigid reading 
urged by Defendants.
            
Pressing their argument that hand-delivery of the remand order did not 
revest jurisdiction in state court, Defendants argue 
that neither the federal district court nor the state court can be vested with 
jurisdiction, so the case has become moot. According to Defendants, the federal 
district court has been divested of jurisdiction, including the jurisdiction to 
reconsider or modify its remand order. Next, jurisdiction never revested in the state court because hand-delivery was 
defective. Finally, the mailing of a certified copy of the remand order to the 
state clerk can never occur because “[t]he federal 
court lacks jurisdiction to correct [Plaintiffs’] error.” Defendants therefore 
contend that jurisdiction has been destroyed in both courts because the “key 
jurisdictional event” did not, and can never, occur.
            
We reject Defendants’ argument that both federal and state courts have 
been divested of jurisdiction and the case now exists in a strange procedural 
twilight zone.[17] Consistent with section 1447(c) and its 
aim to smooth state-federal interactions, we hold that hand-delivery of the 
remand order in this case successfully effected the transfer of jurisdiction 
from federal to state court. It is beyond dispute that the federal district 
court expressed its unmistakable intention to divest itself of jurisdiction and 
return jurisdiction to the state court, by (1) signing and entering an order of 
remand, (2) creating a certified copy of the remand order, and (3) providing 
that certified copy to counsel for expedited delivery to the state court, all of 
which occurred before the state court took any action in the case.
            
We also reject Defendants’ argument that allowing hand-delivery of the 
remand order to effect jurisdictional transfer in this 
case would destroy transparency and uniformity in the remand procedures. To the 
contrary, Texas Rule of Civil Procedure 237a expressly provides for the 
plaintiff to file a certified copy of the remand order with the state 
court clerk.[18] Efforts to quickly recommence 
proceedings in the state court following an unsuccessful and apparently 
frivolous removal actually further the policy of avoiding excessive delay in 
resolving disputes.[19]
            
Defendants here resumed litigation in the probate court with full 
knowledge of the remand. Further, it is undisputed that the probate court took 
no action until after the remand order had been hand-delivered there. In light 
of these circumstances, Plaintiffs’ hand-delivery of the remand order was 
sufficient to revest jurisdiction in the probate 
court.[20]
B. Recusal
            
Plaintiffs argue in their cross-petition for review that the motion to 
recuse Judge Herman was a tertiary recusal motion, and 
therefore the court of appeals erred in holding that Judge Herman’s sanctions 
order and Judge Wood’s final judgment were void. We 
agree with Plaintiffs.
            
The court of appeals held that under the general “recuse or refer” rule in Government Code section 
25.00255(f), a judge against whom a recusal motion has been filed “has only two 
options: grant the motion to recuse or refer the 
motion to another judge for a ruling.”[21] Thus, the court concluded, “Judge Herman 
erred when he ruled on his own motion to recuse” 
rather than referring the motion to the Chief Justice of the Supreme Court 
pursuant to Government Code section 74.057(a) and Texas Rule of Civil Procedure 
18a(g).[22] “Because Judge Herman did not have the 
power to rule on his own recusal motion,” the court reasoned, “all subsequent 
orders he entered are void.”[23]
            
Plaintiffs argue that Judge Herman’s sanctions order and Judge Wood’s 
final judgment are not void for two reasons. First, the motion to recuse Judge Herman was the third recusal motion filed in 
the case and thus a tertiary recusal motion under Civil Practice and Remedies 
Code section 30.016, allowing Judge Herman to continue presiding over the case. 
Second, Plaintiffs contend that the exception for procedurally defective motions 
applies to the motion to recuse Judge Herman.
            
We first consider whether the motion to recuse 
Judge Herman was a tertiary recusal motion. Section 30.016 allows “a judge who 
declines recusal after a tertiary recusal motion is filed” to “preside over the 
case,” “sign orders in the case,” and “move the case to final disposition as 
though a tertiary recusal motion had not been filed.”[24] Former section 30.016(a), applicable to 
this case, defined a “tertiary recusal motion” as “a third or subsequent motion 
for recusal or disqualification filed against a district court, statutory 
probate court, or statutory county court judge by the same party in a 
case.”[25] The court of appeals followed its 
previous decision in In re Whatley,[2][6] where the court interpreted section 
30.016 as applying only to “a third recusal motion . . . filed by the same party 
against the same judge.”[27] We disagree 
with that reading and hold that section 30.016 applies to a third recusal motion 
filed by the same party against any judge.
            
When construing statutes, courts must look first to the plain and common 
meaning of the words chosen.[28] If the 
statutory language is unambiguous, the judge’s inquiry is at an end.[29]
            
The earlier version of section 30.106(a) provided:
In this 
section, “tertiary recusal motion” means a third or subsequent motion for 
recusal or disqualification filed against a district court, statutory probate 
court, or statutory county court judge by the same party in a case.[30]
 
Effective 
September 1, 2007, the Legislature removed statutory probate judges from section 
30.016(a), so the current statute only applies to district or statutory county 
court judges. Simultaneously, the Legislature added section 25.00256(a):
 
In this 
section, “tertiary recusal motion” means a third or subsequent motion for 
recusal or disqualification filed in a case against any statutory probate court 
judge by the same party. The term includes any third or subsequent motion filed 
in the case by the same party, regardless of whether that motion is filed 
against a different judge than the judge or judges against whom the previous 
motions for recusal or disqualification were filed.[31]
 
            
The prior version of section 30.016(a) applies to this case. Defendants 
argue that, in keeping with the canon of construction that the Legislature is 
presumed not to have done a useless act, the Legislature’s 2007 amendments 
demonstrate that lawmakers believed they were changing the law regarding 
statutory probate courts. In order to change the law, “tertiary recusal motion” 
in the prior version of section 30.016 must have meant the third recusal motion 
filed by the same party against the same judge. However, our analysis begins not 
with canons of construction or extrinsic aids, but with statutory text.[32] Former section 30.016(a) states that a 
tertiary recusal motion is a “third or subsequent motion for recusal . . . filed 
against a . . . statutory probate court . . . judge by the same party . . 
. .” The Legislature chose the word “a,” presumably on purpose, not the words 
“the same.” And lawmakers certainly knew when to use the latter, having done so 
to precede “party” in the same sentence. Neither text nor context suggests that 
“a” means “the same” rather than “any.” Defendants’ interpretation, adopted by 
the court of appeals, invites us to embellish the statute. We decline, mindful too that Defendants’ interpretation would 
produce absurd results, with litigants able to delay resolution of their cases 
by clogging courts with a seemingly limitless number of recusal motions.
            
Our chief aim is to determine and give effect to the Legislature’s 
intent,[33] and where the statutory language is 
straightforward, it is determinative.[34] Because the recusal motion filed against 
Judge Herman was the third recusal motion filed by Defendants (and therefore a 
tertiary recusal motion), Judge Herman was permitted to continue to “preside 
over the case,” “sign orders in the case,” and “move the case to final 
disposition as though a tertiary recusal motion had not been filed.”[35] Accordingly, 
the court of appeals erred in reversing the sanctions order entered by Judge 
Herman and the final judgment entered by Judge Wood.[36]
III. Conclusion
            
The court of appeals was right on remand but wrong on recusal. 
Plaintiffs’ hand-delivery of the certified remand order from the federal 
district court to the clerk of the state court was sufficient to revest jurisdiction in the state court. We decline 
Defendants’ invitation to add a measure of rigidity into section 1447(c) that 
simply is not there. As for recusal, a tertiary recusal motion is a third motion 
filed by the same party against any judge. That is, the word “third” in section 
30.016(a) refers to the motion, not to the judge. Accordingly, we affirm the 
court of appeals’ judgment in part, reverse it in part, and remand to the court 
of appeals. The court of appeals shall abate pending a ruling on the motion to 
recuse Judge Herman. If the motion is denied, the 
court of appeals shall affirm the trial court’s judgment. If the motion is 
granted, the court of appeals shall reverse the trial court’s judgment and 
remand to that court for further proceedings consistent with this opinion.
 
 
                                                                        
______________________________
                                                                        
Don R. Willett
                                                                        
Justice
 
 
OPINION 
DELIVERED: June 11, 2010







[1] 
Defendants note that the “Estate of Miguel 
Angel Luis Gonzalez y Vallejo” named itself as appellee in the court of appeals and as a 
petitioner/cross-respondent in this Court. Arguing that an “estate” is not a 
legal entity and cannot sue or be sued, Defendants contend that this Court lacks 
jurisdiction. However, there is no dispute that Maria and the other Plaintiffs 
were parties to the trial court’s judgment, that they were designated as persons 
aligned with the Estate in the court of appeals, and that they have been 
identified as parties in filings with this Court. In any event, the Court on 
November 20, 2009 granted Plaintiffs’ “Motion to Substitute Maria del Carmen 
Guilbot Serros de Gonzalez 
et al. for the Estate as Petitioners/Cross-Respondents.”

[2] Gonzalez v. Guilbot, 255 F. 
App’x 770, 771-72 (5th Cir. 
2007).

[3] 
Defendants have filed a Request to Take Judicial 
Notice concerning a March 19, 2010 final judgment rendered against Plaintiffs by 
a Mexican federal court, purportedly holding that a “Family Agreement” among the 
parties is null and void. Defendants do not persuade us that the Mexican 
judgment, rendered years after the trial-court judgment in the case before us, 
should have any effect on this appeal. They concede that a trial court's 
judgment is final for purposes of res judicata or 
collateral estoppel even while the case is on appeal. 
See Scurlock Oil Co. v. Smithwick, 724 S.W.2d 1, 6 (Tex. 
1986).

[4] 267 S.W.3d 556, 558.

[5] Id.

[6] No. 14-05-01222-CV, 2006 WL 2257399 (Tex. App.—Houston 
[14th Dist.] Aug. 8, 2006, orig. 
proceeding) (mem. op.), opinion withdrawn and superceded by In re Whatley, 2006 WL 2948230 (Tex. 
App.—Houston [14th Dist.] Oct. 13, 2006, orig. proceeding) (mem. op.).

[7] 267 S.W.3d at 562-63.

[8] 997 S.W.2d 226 (Tex. 1999) (per curiam).

[9] Id. at 
227.

[10] Id.

[11] Id.

[12] Writ of error 
appeals under former Rule of Appellate Procedure 45 were replaced in 1997 with 
restricted appeals under Rule 30. See Tex. R. App. P. 30 & cmt.

[13] Quaestor, 997 S.W.2d at 227.

[14] Id. at 
227-28.

[15] Id. at 
227.

[16] Id. at 
229. Chiapas argued that the 
appellate timetable recommenced either when the Fifth Circuit dismissed the 
appeal of the remand order or when Chiapas mailed a copy of the remand order to 
the state district clerk. Id. at 
228.

[17] See Health 
for Life Brands, Inc. v. Powley, 57 P.3d 726, 731 (Ariz. Ct. App. 2002) (“A conclusion 
that the superior court regains the power to proceed upon entry of the remand 
order in federal court prevents a case from floundering in some sort of legal 
limbo while awaiting the ministerial task of mailing a copy of the remand order. 
Excessive delay in the resolution of disputes is thereby avoided. This approach 
also furthers the intent of Congress that any doubts about the existence of 
removal jurisdiction in the federal courts should be resolved in favor of remand 
and state court jurisdiction.”); see also City of Orange City v. Lot 10, 
No. 98-1389, 2002 WL 100674, at *2 (Iowa Ct. App. Jan. 28, 2002) (“We reject 
[the defendant’s] contention that the district court lacked jurisdiction when it 
acted prior to having received a certified copy of the remand order from 
the Federal District Court.”).

[18] Tex. R. Civ. P. 237a states:
 
When any cause is removed to the Federal Court and is 
afterwards remanded to the state court, the plaintiff shall file a certified 
copy of the order of remand with the clerk of the state court and shall 
forthwith give written notice of such filing to the attorneys of record for all 
adverse parties. All such adverse parties shall have fifteen days from the 
receipt of such notice within which to file an answer. No default judgment shall 
be rendered against a party in a removed action remanded from federal court if 
that party filed an answer in federal court during removal.

[19] See Health 
for Life Brands, Inc., 57 P.3d at 731 
(“To hold under these circumstances that the [federal] court retains 
jurisdiction and the [state] court lacks the power to proceed would violate the 
principle that removal and remand procedures should not be construed to allow 
undue delay in the resolution of cases or to waste judicial resources.”); see 
also Fed. R. Civ. P. 1 
(instructing courts to construe and administer the federal rules “to secure the 
just, speedy, and inexpensive determination of every action and proceeding”); 
Balestriere Lanza 
PLLC v. Silver Point Capital, LP, No. 08 Civ. 4731 (GEL), 2008 WL 2557424, 
at *2 (S.D.N.Y. June 26, 2008) (“Though [Rule 1] does not, strictly speaking, 
govern the interpretation of § 1447(c), it should be the touchstone not only of 
judicial action, but of the behavior of members of the bar as 
well.”).

[20] Regardless of 
whether the court of appeals should have relied on the law-of-the-case doctrine, 
see 267 S.W.3d at 560, the court properly recognized that “Quaestor did not address the issue we have here” and 
held that “the post-remand jurisdictional transfer to the state court was 
complete at all relevant times.” Id. at 560, 
561.

[21] Id. at 
561.

[22] Id.

[23] Id.

[24] Tex. Civ. Prac. & Rem. 
Code § 30.016(b)(1)-(3).

[25] Act of May 
26, 1999, 76th Leg., R.S., ch. 608, § 1, 1999 Tex. 
Gen. Laws 3148.

[26] No. 14-05-01222-CV, 2006 WL 2257399 (Tex. App.—Houston 
[14th Dist.] Aug. 8, 2006, orig. 
proceeding) (mem. op.), opinion withdrawn and superceded by In re Whatley, 2006 WL 2948230 (Tex. 
App.—Houston [14th Dist.] Oct. 13, 2006, orig. proceeding) (mem. op.).

[27] 267 S.W.3d at 562.

[28] See FKM 
P’ship, Ltd. v. Bd. of Regents of the Univ. of Houston 
Sys., 255 S.W.3d 619, 633 (Tex. 2008) 
(“We use definitions prescribed by the Legislature and any technical or 
particular meaning the words have acquired, but otherwise, we construe the 
statute’s words according to their plain and common meaning unless a contrary 
intention is apparent from the context, or unless such a construction leads to 
absurd results.”).

[29] See Alex 
Sheshunoff Mgmt. Servs., 
L.P. v. Johnson, 209 S.W.3d 644, 651–52 (Tex. 2006).

[30] Act of May 
26, 1999, 76th Leg., R.S., ch. 608, § 1, 1999 Tex. 
Gen. Laws 3148.

[31] Tex. Gov’t Code 
§ 25.00256(a).

[32] See In re 
Estate of Nash, 220 S.W.3d 914, 917 
(Tex. 2007) (“If a statute is clear and unambiguous, we apply its words 
according to their common meaning without resort to rules of construction or 
extrinsic aids.”).

[33] Hernandez v. Ebrom, 289 S.W.3d 
316, 318 (Tex. 2009).

[34] See Alex 
Sheshunoff Mgmt. Servs., 209 S.W.3d at 651–52.

[35] We agree with 
the court of appeals that under section 30.016(b) Judge Herman should not have 
ruled on the recusal motion filed against him. Plaintiffs make the blanket 
assertion that because the motion to recuse Judge 
Herman was a tertiary recusal motion, Judge Herman was allowed to rule on his 
own recusal motion. However, nothing in section 30.016 contemplates allowing 
judges to deny recusal motions pending against them, and in fact instructs 
judges “who decline[] recusal after a tertiary recusal 
motion is filed [to] comply with applicable rules of procedure for recusal and 
disqualification . . . .” Judge Herman eventually referred that motion to Chief Justice Jefferson, and we find 
no prejudice stemming from Judge Herman’s belated referral. Also, as this was a 
tertiary recusal motion, Judge Herman retained authority under section 30.016(b) 
to take other actions, such as signing the sanctions order against Defendants 
and denying the recusal motion against Judge Wood.

[36] Plaintiffs 
alternatively argue an exception to the “recuse or 
refer” rule applies: the exception for procedurally defective motions. 
Plaintiffs contend that Defendants waived the right to complain about Judge 
Herman’s failure to refer the motion filed against him because the motion failed 
to comply with the procedural requirements of Government Code section 25.00255. 
The court of appeals rejected this argument based on its holding in a prior case 
that “[e]ven though a motion to recuse may be defective, the challenged judge must either 
recuse or refer the motion, so that another judge can 
determine the procedural adequacy and merits of the motion to recuse.” 267 S.W.3d at 563 (quoting In re Norman, 191 
S.W.3d 858, 861 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding)). As the 
first argument advanced by Plaintiffs decides today’s case, we need not reach 
the question of whether a procedurally defective motion provides an exception to 
the “recuse or refer” 
rule.