**Motion for Rehearing Denied; Petition for Writ of Mandamus Denied and Substitute Opinion filed January 24, 2012.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00858-CR

### IN RE DAVID LORENZA JOYNER, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**174th District Court**
**Harris County**
**Trial Court Cause No. 1278852**

## SUBSTITUTE OPINION

On October 5, 2011, relator David Lorenza Joyner filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. On October 20, 2011, this court denied relator's petition for writ of mandamus on the ground that relator did not provide a record of the trial court's ruling. On November 3, 2011, relator filed a motion for rehearing to which he attached evidence that the trial court denied his motion for new trial. We deny relator's motion for rehearing, withdraw the opinion of October 20, 2011, and issue this substitute opinion.

In the petition, relator asks this court to compel the Honorable Ruben Guerrero, presiding judge of the 174th District Court of Harris County, to vacate his order denying relator's motion for new trial.

On September 13, 2011, appellant was convicted of theft and sentenced to fifteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice. On September 14, 2011, he filed a notice of appeal, which was assigned to this court and docketed as cause number 14-11-00807-CR. On September 21, 2011, relator filed a motion for new trial and a motion to recuse Judge Ruben Guerrero. Judge Guerrero denied relator's motion to recuse and motion for new trial on the same day.

In his petition for writ of mandamus, relator alleges that Judge Guerrero improperly denied his motion for new trial because he failed to recuse himself when the motion to recuse was filed.

In a criminal case, mandamus relief is authorized only if the relator establishes that (1) under the facts and the law, the act sought to be compelled is purely ministerial; and (2) he has no other adequate legal remedy. *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003) (orig. proceeding).

Relator has filed several proceedings in this court. In one of those proceedings in which relator seeks to appeal the denial of a pretrial writ of habeas corpus, this court has received a clerk's record. The record reflects seven recusal motions filed by relator in this cause. Therefore, the recusal motion filed against Judge Guerrero was the eighth recusal motion filed.

Section 30.016(d) of the Texas Civil Practice and Remedies Code, which applies to recusal of district court judges, provides that the denial of a tertiary recusal motion is "only reviewable on appeal from final judgment." Procedures for recusal and disqualification found in the civil rules are applicable to criminal cases. *Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993) (concluding that Texas Rule of Civil Procedure 18a applies in criminal cases); *Stafford v. State*, 948 S.W.2d 921, 924 (Tex. App.—Texarkana 1997, pet. ref'd); *Morris v. State*, 692 S.W.2d 109, 109–10 (Tex.

App.—El Paso 1984, pet. ref'd) (finding that Vernon's Annotated Civil Statute article 200a, § 6 (repealed, now Tex. Gov't. Code § 74.059) prescribing procedure for district judge to request presiding judge to assign another judge to hear motions to recuse applied in criminal cases.).

In *Arnold*, the Court of Criminal Appeals determined that absent "any explicit or implicit legislative intent indicating otherwise" rule 18a governing procedures for recusal of judges applied to criminal cases. 853 S.W.2d at 544. Article 30.01 of the Code of Criminal Procedure governs disqualification of judges in criminal cases, but there is no corresponding provision in the Code of Criminal Procedure governing recusal of judges in criminal cases. Finding no explicit or implicit legislative intent indicating otherwise, we conclude that section 30.016 governing tertiary recusal motions filed against district judges applies in a criminal case.

Because relator's motion to recuse is a third or subsequent recusal motion filed against a district court judge by the same party, this motion is a "tertiary recusal motion" under section 30.016. *See* Tex. Civ. Prac. & Rem. Code Ann. § 30.016(a) (West 2011). Section 30.016(d) provides that denial of a tertiary recusal motion is reviewable only on appeal from final judgment. *See id*. § 30.016(d) (West 2011). Accordingly, mandamus relief is not available. *See id*.

We deny relator's petition for writ of mandamus.


/s/    Martha Hill Jamison
Justice


Panel consists of Justices Frost, Seymore, and Jamison.

Publish — TEX. R. APP. P. 47.2(b).

3