**Judgment in Cause No. 14-07-00047-CV Affirmed, Appeal in Cause No. 14-10-01149-CV Dismissed, Opinion of December 9, 2010 in Cause No. 14-07-00047-CV Withdrawn, and Opinion on Remand filed March 29, 2012.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-07-00047-CV
### NO. 14-10-01149-CV

**MIGUEL ANGEL GONZALEZ GUILBOT, CARLOS A. GONZALEZ GUILBOT, AND MARIA ROSA DEL ARENAL DE GONZALEZ, Appellants**

**V.**

**MARIA DEL CARMEN GUILBOT SERROS DE GONZALEZ, INDIVIDUALLY AND AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF MIGUEL ANGEL LUIS GONZALEZ Y VALLEJO, LUIS AMADEO GONZALEZ GUILBOT, JOSE GUILLERMO GONZALEZ GUILBOT, CARMEN ISABEL GONZALEZ GUILBOT DE URIARTE, GERARDO GONZALEZ GUILBOT, JAVIER GONZALEZ GUILBOT, MADEIRA INTERNATIONAL LTD., FRANCEVILLE INTERNATIONAL LTD., ARKHANGEL INTERNATIONAL LTD., L&T AMERICAN CORPORATION, TG INTERAMERICA CORPORATION, Appellees**

**On Appeal from the Probate Court Number Two
Harris County, Texas
Trial Court Cause No. 344,157-401**

**O P I N I O N   O N   R E M A N D**

These consolidated cases raise issues relating to the denial of a recusal motion in the trial court. On original submission in Cause No. 14-07-00047-CV, this court determined that the trial court's judgment was void and reversed and remanded. The Supreme Court of Texas disagreed with this court's analysis in part and held that the only error was the ruling of the presiding judge of the statutory probate courts on a motion to recuse him. The high court reversed in part this court's judgment in Cause No. 14-07-00047-CV, and remanded with instructions for this court (1) to abate the appeal pending a ruling on the motion to recuse the presiding judge of the statutory probate courts, and (2) to affirm the trial court's judgment if the motion to recuse is denied. This court abated the appeal in Cause No. 14-07-00047-CV, and the judge appointed to hear the motion to recuse denied that motion. As required by the high court's mandate, we affirm the trial court's judgment in Cause No. 14-07-00047-CV. In Cause No. 14-10-01149-CV, appellants attempt to appeal directly from the interlocutory order denying the recusal motion. But, under Texas Civil Practice and Remedies Code section 30.016(d), this order is reviewable only on appeal from the final judgment. Therefore, we dismiss the appeal in Cause No. 14-10-01149-CV for lack of jurisdiction.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Appellees/plaintiffs Maria del Carmen Guilbot Serros de Gonzalez, individually and as independent administrator of the estate of Miguel Angel Luis Gonzalez y Vallejo, Luis Amadeo Gonzalez Guilbot, Jose Guillermo Gonzalez Guilbot, Carmen Isabel Gonzalez Guilbot de Uriarte, Gerardo Gonzalez Guilbot, Javier Gonzalez Guilbot, Madeira International Ltd., Franceville International Ltd., Arkhangel International Ltd., L&T American Corporation, and TG Interamerica Corporation (collectively hereinafter, the "Plaintiffs") sued appellants/defendants Miguel Angel Gonzalez Guilbot, Carlos A. Gonzalez Guilbot, Maria Rosa Del Arenal de Gonzalez (collectively hereinafter, the "Defendants") and other parties in the trial court below. The Defendants removed the case to federal court. The federal district court remanded the case to the trial court and

2

awarded attorney's fees to the Plaintiffs after concluding that the Defendants had no objectively reasonable basis to believe that removal was proper.

Shortly before the case was remanded, the Defendants filed a motion to recuse Judge Mike Wood, the presidng judge of the trial court below. Judge Wood declined to recuse himself and referred the motion to Judge Guy Herman, the presiding judge of the statutory probate courts. Judge Herman appointed Judge Gladys Burwell to hear the recusal motion. Before Judge Burwell heard the motion, the Defendants' counsel filed a second motion to recuse, this one against Judge Burwell. The Defendants' counsel then filed a third recusal motion, this one against Judge Herman. Judge Burwell forwarded the recusal motion to Judge Herman, who reset all pending recusal motions for hearing before Judge Herman.

At that hearing, on January 8, 2007, the Defendants did not appear. Judge Herman first dismissed the motion to recuse Judge Burwell because it was filed by the attorney for the Defendants on his own behalf, not by the Defendants themselves. Judge Herman then dismissed the motion to recuse Judge Herman because it also was filed on behalf of the Defendants' counsel, not on behalf of the Defendants. Finally, Judge Herman heard the motion to recuse Judge Wood. Because the Defendants did not put on any evidence or argument in support of their motion, Judge Herman denied the motion and awarded sanctions in the amount of $12,000 for "frivolous pleading[s]."

After the recusal hearing, Judge Wood began a bench trial. Again, the Defendants did not appear. Judge Wood signed a final judgment for the Plaintiffs on January 12, 2007, awarding a total of approximately $205 million in damages to various of the Plaintiffs, attorney's fees, and declaratory relief (hereinafter, the "Judgment"). The Defendants appealed the Judgment to this court in Cause No. 14-07-00047-CV (hereinafter, the "First Appeal"). In the First Appeal Judge Herman, the Defendants argued that the Judgment and sanctions order that was merged into the Judgment were void because they were rendered (1) before jurisdiction had revested in the state court, and (2) while the recusal motions were pending.

3

On original submission in the First Appeal, this court rejected the Defendants' first argument and concluded that jurisdiction had revested in the trial court below before January 8, 2007, the date trial commenced. *See Gonzalez Guilbot v. Estate of Gonzalez y Vallejo*, 267 S.W.3d 556, 559–61 (Tex. App.—Houston [14th Dist.] 2008), *rev'd*, *Guilbot Serros de Gonzalez v. Gonzalez Guilbot*, 315 S.W.3d 533 (Tex. 2010). As to the second issue, this court determined that the motion to recuse Judge Herman was not a tertiary recusal motion under Texas Civil Practice and Remedies Code section 30.016.[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 30.016 (West 2012); *Gonzalez Guilbot*, 267 S.W.3d at 561–63. Therefore, this court concluded that Judge Herman's sanctions order and orders on the recusal motions were void, and that the Judgment was void because there was a recusal motion pending against Judge Wood when he rendered it. *See Gonzalez Guilbot*, 267 S.W.3d at 561–63.

After granting review, the Supreme Court of Texas agreed with this court's analysis regarding the revesting of jurisdiction following remand but disagreed with this court's analysis of the recusal-motion issue. *See Guilbot Serros de Gonzalez v. Gonzalez Guilbot*, 315 S.W.3d 533, 536–41 (Tex. 2010). The Supreme Court of Texas determined that the motion to recuse Judge Herman was a tertiary recusal motion under section 30.016 and that, despite the filing and pendency of the recusal motion, Judge Herman could continue to preside, rule on the motions to recuse Judges Burwell and Wood, and assess sanctions. *See* Tex. Civ. Prac. & Rem. Code Ann. § 30.016(b); *Guilbot Serros de Gonzalez*, 315 S.W.3d at 539–41. The high court concluded that Judge Herman's sanctions order and the Judgment were not void. *See id* at 541.

Nonetheless, the high court ruled that Judge Herman erred in ruling on the motion to recuse Judge Herman, which should have been ruled on by a judge appointed by the Chief Justice of the Supreme Court of Texas. *See* Tex. Civ. Prac. & Rem. Code Ann. § 30.016(b); *id*. at 541, n. 35. Under section 30.016, "if a tertiary recusal motion is finally sustained, the new judge for the case shall vacate all orders signed by the sitting judge

---

[1] Unless otherwise stated, all statutory references in this opinion are to the Texas Civil Practice and Remedies Code.

4

during the pendency of the tertiary recusal motion." Tex. Civ. Prac. & Rem. Code Ann. § 30.016(e) (West 2012). The remedy crafted by the Supreme Court of Texas for Judge Herman's error in ruling on the motion to recuse him was to reverse the Fourteenth Court of Appeals's judgment in part and remand to this court with instructions to order an abatement so that a judge appointed by the Chief Justice of the Supreme Court of Texas could rule on the motion to recuse Judge Herman. *See Guilbot Serros de Gonzalez*, 315 S.W.3d at 541. The high court instructed that, following abatement and the appointed judge's ruling on the recusal motion, this court is to "affirm the trial court's judgment" if the recusal motion is denied and to "reverse the trial court's judgment and remand to that court for further proceedings consistent with this opinion" if the motion is granted. *Id.*

Pursuant to the Supreme Court of Texas's mandate, on remand, this court abated the First Appeal for a ruling on the motion to recuse. The Defendants amended their motion to recuse Judge Herman. Judge Polly Jackson Spencer, the judge appointed to rule on the motion, denied the Defendants' amended motion to recuse Judge Herman. A supplemental clerk's record was filed with this court containing Judge Jackson's order denying the recusal motion. On December 9, 2010, pursuant to the high court's mandate, this court affirmed the Judgment and issued an opinion in the First Appeal. *See Gonzalez Guilbot v. Guilbot Serros de Gonzalez*, No. 14-07-00047-CV, 2010 WL 5038867, at *1 (Tex. App.—Houston [14th Dist.] Dec. 9, 2010, no pet. h.) (mem. op.).

The Defendants filed a notice of appeal, attempting to appeal directly from Judge Spencer's order. This appeal is Cause No. 14-10-01149-CV (the "Second Appeal."). In December 2010, the Defendants moved for rehearing in the First Appeal, requesting this court to withdraw its December 9, 2010 opinion pending resolution of the Second Appeal. This court denied the rehearing motion and did not withdraw its opinion. Nonetheless, while this court still had jurisdiction over the First Appeal, this court consolidated the First Appeal and the Second Appeal, thus making this court's December 9, 2010 judgment interlocutory. This court has received new briefing in these

consolidated cases. The Defendants have presented and briefed six issues challenging Judge Spencer's order denying their motion to recuse Judge Herman.[2]

## II. ANALYSIS

### A. Does this court have appellate jurisdiction in the Second Appeal?

On abatement in the First Appeal, Judge Spencer signed an order denying the Defendants' motion to recuse Judge Herman. This court has jurisdiction to review this ruling on appeal from the Judgment in the First Appeal. But, we now examine whether we have jurisdiction in the Second Appeal.

In her order Judge Spencer did not dispose of all parties and claims in the trial court. There is no statute specifically declaring this order to be the end of a particular phase of proceedings under the Probate Code. And, Judge Spencer did not dispose of all parties or issues in a particular phase of the probate proceedings. Therefore, Judge Spencer's order is interlocutory. *See De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006); *Lehmann v. Har-Con Corp*., 39 S.W.3d 191, 195 (Tex. 2001); *Crowson v. Wakeham*, 897 S.W.2d 779, 781–83 (Tex. 1995).

This court lacks jurisdiction over an appeal from an interlocutory order unless a statute provides for an appeal from that interlocutory order. *See Ogletree v. Matthews*, 262 S.W.3d 316, 319, n.1 (Tex. 2007). The Defendants assert that two statutes provide for an appeal from Judge Spencer's order—Texas Government Code section 25.00255, entitled "Recusal or Disqualification of Judge," and Texas Civil Practice and Remedies Code section 30.016, entitled "Recusal or Disqualification of Certain Judges." In the only part of Texas Government Code section 25.00255 that addresses appeals, the Legislature provides that "[a]fter a statutory probate court has rendered the final judgment in a case, a party may appeal an order that denies a motion for recusal or disqualification as an abuse of the court's discretion." Tex. Gov't Code Ann. §

---

[2] Senator Jeff Wentworth has filed an amicus curiae brief in support of the Defendants' appellate brief.

6

25.00255(j) (West 2012).[3] The parties have not cited and research has not revealed any case construing this statute. Under the unambiguous language of Texas Government Code section 25.00255, a party may appeal an order denying a motion to recuse on appeal from the probate court's final judgment, but this statute does not provide an interlocutory appeal from such an order. *See id.*

In the only part of Texas Civil Practice and Remedies Code section 30.016 that addresses appeals, the Legislature provides that "the denial of a tertiary recusal motion is only reviewable on appeal from final judgment." Tex. Civ. Prac. & Rem. Code Ann. § 30.016(d) (West 2012). Under the unambiguous language of section 30.016(d), a party may appeal an order denying a tertiary recusal motion only on appeal from final judgment. *See id*; *In re Joyner*, 357 S.W.3d 844, 845 (Tex. App.—Houston [14th Dist.] Jan. 24, 2012, orig. proceeding) (holding that, under section 30.016(d), a party may not seek review of order denying tertiary recusal motion by mandamus). Judge Spencer's order was rendered on abatement in the First Appeal, and this court has jurisdiction to review that order in the First Appeal. Section 30.016(d) does not provide for an interlocutory appeal from Judge Spencer's order. On the contrary, in section 30.016(d), the Legislature expressly states that there is no interlocutory appeal from an order denying a tertiary recusal motion and that the only way to seek review of this order is on appeal of the final judgment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 30.016(d). The Supreme Court of Texas has held that the motion to recuse Judge Herman is a tertiary recusal motion. *See Guilbot Serros de Gonzalez*, 315 S.W.3d at 539–41. Because the motion is a tertiary recusal motion, under the unambiguous language of section 30.016(d), the denial of this motion may only be reviewed on appeal from the Judgment in the First Appeal. Accordingly, this court lacks appellate jurisdiction in the Second Appeal, and we dismiss that appeal for lack of jurisdiction.

---

[3] In this section, the Legislature also states that a party may not appeal an order that grants a motion for recusal or disqualification. Tex. Gov't Code Ann. § 25.00255(j). This provision does not apply to Judge Spencer's order. *See id.*

**B. Does the Supreme Court of Texas's mandate require this court to affirm the Judgment?**

The First Appeal is on remand from the Supreme Court of Texas. In this context, we have a mandatory, ministerial duty under the high court's mandate to give effect to the high court's judgment. *See Van Dyke v. Smith*, No. 14-09-00900-CV, 2010 WL 2967783, at *2 (Tex. App.—Houston [14th Dist.] July 29, 2010, pet. denied) (mem. op.); *Tex. Health & Human Servs. Comm'n v. El Paso County Hosp. Dist.*, 351 S.W.3d 460, 472–73 (Tex. App.—Austin 2011, pet. filed); *Tex. Parks & Wildlife Dep't v. Dearing*, 240 S.W.3d 330, 347 (Tex. App.—Austin 2007, pet. denied). The high court's mandate requires this court to conduct further proceedings on remand consistent with the high court's opinion. In this opinion, the Supreme Court of Texas instructs this court as follows:

> The court of appeals shall abate pending a ruling on the motion to recuse Judge Herman. If the motion is denied, the court of appeals shall affirm the trial court's judgment. If the motion is granted, the court of appeals shall reverse the trial court's judgment and remand to that court for further proceedings consistent with this opinion.

*Guilbot Serros de Gonzalez*, 315 S.W.3d at 541.

Ordinarily, when this court orders an abatement to allow the trial court to rule on a motion following a prescribed procedure and the trial court does so, this court would allow the appellant to challenge the trial court's adverse ruling in the appeal in which abatement was granted. *See, e.g.*, *McQueen v. State*, 329 S.W.3d 255, 259–60 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (reviewing trial court's ruling on *Batson* motion, which the trial court made during abatement of appeal). The only means provided by the Legislature for review of the denial of a tertiary recusal motion is an appeal from the final judgment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 30.016(d). The high court did not instruct this court to affirm the Judgment if the trial court denied the recusal motion and this court found no error in that ruling. Likewise, the high court did not instruct this court to reverse the Judgment if the trial court denied the recusal motion and this court found that ruling to be erroneous. This court must follow the

8

pronouncements of the Supreme Court of Texas. *See In re K.M.S.*, 91 S.W.3d 331, 331 (Tex. 2002) (per curiam). Under the unambiguous language of our high court's opinion, judgment, and mandate, this court has a mandatory, ministerial duty to affirm the Judgment if the motion to recuse Judge Herman is denied. *See Van Dyke*, 2010 WL 2967783, at *2; *Tex. Health & Human Servs.*, 351 S.W.3d at 472–73; *Tex. Parks & Wildlife Dep't*, 240 S.W.3d at 347. Because Judge Spencer denied this motion, we must affirm the Judgment.

In the interest of providing the Defendants with a review of Judge Spencer's ruling, we have examined the Defendants' appellate arguments challenging Judge Spencer's order, and we conclude that these arguments lack merit. If this court were not bound by the high court's mandate to affirm, we still would affirm the Judgment.

We overrule the Defendants' appellate issues.

## III.    CONCLUSION

Because the motion to recuse Judge Herman is a tertiary recusal motion, under the unambiguous language of section 30.016(d), this court lacks appellate jurisdiction over the Second Appeal. Accordingly, the Second Appeal is dismissed for lack of jurisdiction.

Though we have appellate jurisdiction in the First Appeal, under the unambiguous language of the Supreme Court of Texas's opinion, judgment, and mandate, this court has a mandatory, ministerial duty to affirm the Judgment because Judge Spencer denied the motion to recuse Judge Herman. Even if we were not required to summarily affirm the Judgment, we still would find no merit in the Defendants' appellate challenges to Judge Spencer's ruling. Accordingly, in the First Appeal, this court's opinion of December 9, 2010 is withdrawn, and the trial court's judgment is affirmed.


/s/     Kem Thompson Frost
        Justice


Panel consists of Justices Frost, Seymore, and Jamison. (Jamison, J., not participating).

9