**Opinion issued March 26, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00090-CV

————————————

**RICHLENE JOANNIDES, DEPENDENT ADMINISTRATRIX FOR ESTATE OF ANGELO JOANNIDES, Appellant**

**V.**

**VERONIKA JOANNIDES AND SHAWN MAYFIELD, Appellees**

---

**On Appeal from the County Court at Law No. 3**
**Fort Bend County, Texas**
**Trial Court Cause No. 06-CPR-019543**

---

## MEMORANDUM OPINION

Appellant, Richlene Joannides, attempts to appeal from an order denying her motion to recuse the trial court judge. Appellees, Veronika Joannides and Shawn

Mayfield, have moved to dismiss this appeal for lack of jurisdiction. We dismiss the appeal.

Richlene Joannides filed a motion in the trial court to recuse the trial court judge, the Honorable Susan G. Lowery. The motion was referred to the regional presiding judge, the Honorable Olan Underwood, who denied the motion. Appellant timely appealed.

In Veronika Joannides and Mayfield's motion to dismiss, they argue that, because there is no final judgment in this case, this is an interlocutory appeal over which we have no jurisdiction. Richlene Joannides also filed a "Motion for Voluntary Dismissal." In her motion, she "moves the Court to dismiss this Appeal pending completion of the case below and pending final judgment," states that "appeal is proper on final judgment," and "asks the Court to dismiss this appeal without prejudice to re-file after entry of final judgment on the merits of the case," thereby conceding that this is an interlocutory appeal.

Texas appellate courts only have jurisdiction to immediately consider appeals from interlocutory orders if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). In the context of appeals from orders denying recusal motions, the legislature has unambiguously stated that a party may appeal from an order denying a motion to recuse only after final judgment has been entered. *See* TEX. GOV'T CODE ANN.

2

§ 25.00255(j) (West Supp. 2012) ("After a statutory probate court has rendered the final judgment in a case, a party may appeal an order that denies a motion for recusal or disqualification as an abuse of the court's discretion."); TEX. R. CIV. PROC. 18a(j)(1)(A) ("An order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment."); *Gonzalez-Guilbot v. Guilbot-Serros de Gonzalez*, 367 S.W.3d 442, 447 (Tex. App.—Houston [14th Dist.] 2012, pet. filed) (holding that court lacked jurisdiction over interlocutory appeal from order denying tertiary recusal motion in probate case); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 30.016(d) (West 2008) (authorizing appellate review of order denying tertiary recusal motion, defined as third or subsequent motion for recusal or disqualification filed against district court or statutory county court judge by same party in case, only after final judgment).

Accordingly, we grant Veronika Joannides and Mayfield's motion and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Brown.