**Affirm and Opinion Filed July 19, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-20-00428-CV**
_____

**IN THE INTEREST OF D.F.D. AND T.Z.D., CHILDREN**

**On Appeal from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-18-19199**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Reichek
Opinion by Justice Osborne

Appellant Father and appellee Mother are the parents of D.F.D. and T.Z.D. Father and Mother were married in 2016 and divorced in 2019. By order dated March 12, 2020, the trial court granted Mother's motion for enforcement of Father's child support obligation included in the parties' divorce decree. The trial court also found Father in criminal and civil contempt and assessed a fine and confinement in county jail. Father appeals, alleging in six issues that the trial court lacked jurisdiction and abused its discretion. We affirm the trial court's order.

### BACKGROUND

Under the parties' final divorce decree, the trial court ordered Father to pay child support commencing on September 1, 2019. In relevant part, the decree

requires Father to pay $1,055.61 per month to Mother for the support of D.F.D. and T.Z.D., due on the first day of each month. The decree also requires Father to pay Mother $165.49 each month as additional child support for reimbursement of health insurance premiums.

On January 8, 2020, Mother filed a motion for enforcement of the child support order, alleging that after an initial, partial payment of $621.28, Father failed to pay any amounts due under the decree. On the same day, the trial court signed an order for Father to appear and respond to the motion at a hearing on February 6, 2020 at 9:00 a.m.

When Father did not appear at the February 6 hearing, the trial court signed an order for capias and setting bond. Father appeared before the court on February 17, 2020, and was ordered to return for a hearing on Mother's motion on March 12, 2020. Father complied, and the trial court heard Mother's motion on March 12, 2020. The trial court granted Mother's motion by order of the same date. This appeal followed. Father, Mother, and the Office of the Attorney General of Texas ("OAG") have filed briefs.

## ISSUES

Appearing pro se, Father asserts six issues. We quote the issues as stated in Father's brief:

ISSUE 1: The lower trial court abused its discretion of TEX. R. CIV. P. 18a.

ISSUE 2: Father did not waive his personal jurisdiction issue when he was forced by threat to make an appearance against his will in the case.

ISSUE 3: The Attorney General of Texas response letter to the Hon. James White and the Department of Justice letter is contrary to his actions and the actions of the title IV agency.

ISSUE 4: The Appellee and the Court failed to prove its jurisdiction/authority and failed to state a claim. The appellee[e] claims to be an interested party because the "Mother" signed over her rights.

ISSUE 5: The arguments inside the scope of the court reporter's record/transcript and the production of the court reporter's transcript presented by Glinda Finkely [Court] Reporter's errors and Intentional fraud/forgery (March 12, 2020) under the direction of Judge David A. Lopez.

ISSUE 6: The Appellee's arguments are vague and non specific to case law presented as they don't apply the "Father."

## DISCUSSION

We first address Father's contention that because he is representing himself pro se, his "pleadings are not to be held to the same high standards of perfection as practicing lawyers." Appellate procedure rule 38.9 provides that briefing rules must be "construed liberally." TEX. R. APP. P. 38.9; *Amrhein v. Bollinger*, 593 S.W.3d 398, 401 (Tex. App.—Dallas 2019, no pet.).

But "[t]he right of self-representation (or being what is commonly called a pro se litigant) carries with it the responsibility to adhere to our rules of evidence and procedure, including our appellate rules of procedure if the party chooses to represent himself at the appeal level." *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). As we explained in *Amrhein*, "[w]e may not apply different standards for litigants appearing without

–3–

advice of counsel." *Amrhein*, 593 S.W.3d at 401. "Otherwise, pro se litigants would be afforded an unfair advantage over those represented by counsel." *Id.* Consequently, Father "must properly present [his] case according to the rules of appellate procedure," *id.*, and we construe his brief accordingly.

### 1. Recusal

Father first complains that the trial court failed to comply with civil procedure rule 18a in response to the recusal motion Father filed on March 11, 2020, the day before the scheduled hearing. As "grounds for recusal and disqualification," Father cited the trial court's failure to "file its Foreign registration statements, Anti-bribery statements and Oath of Office with the district clerks, OAG, and Secretary of State," and included more than twenty pages of argument which, even generously construed, failed to identify any of the grounds for recusal under civil procedure rule 18b. *See* TEX. R. CIV. P. 18a(a)(2) (motion for recusal must assert one or more of grounds listed in rule 18b); 18b(b) (listing grounds for recusal).

Mother and the OAG respond that Father's motion was not timely under rule 18a(b)(1). *See* TEX. R. CIV. P. 18a(b) (time for filing motion to recuse). Father replies that even if his motion was untimely under rule 18a(b)(1), rule 18a(f) required the trial judge to respond within three business days. *See* TEX. R. CIV. P. 18a(f) (duties of respondent judge).

The record reflects, however, that the motion to recuse was Father's third in this case, a "tertiary recusal motion" under civil practice and remedies code section

–4–

30.016. TEX. CIV. PRAC. & REM. CODE § 30.016(a) ("tertiary recusal motion" means "a third or subsequent motion for recusal . . . filed against a district court or statutory county court judge by the same party in a case"). Section 30.016(b) provides that the trial judge "shall continue" to preside over the case, sign orders in the case, and "move the case to final disposition as though a tertiary recusal motion had not been filed." TEX. CIV. PRAC. & REM. CODE § 30.016(b); *Gonzalez v. Guilbot*, 315 S.W.3d 533, 539–40 (Tex. 2010). Accordingly, despite Father's motion, the trial judge retained authority to act. *See Gonzalez*, 315 S.W.3d at 541. The denial of a tertiary recusal motion is only reviewable on appeal from final judgment. TEX. CIV. PRAC. & REM. CODE § 30.016(d).

We review the denial of a motion to recuse for abuse of discretion. TEX. R. CIV. P. 18a(j)(1)(A); *Drake v. Walker*, 529 S.W.3d 516, 528 (Tex. App.—Dallas 2017, no pet.). "The movant bears the burden of proving recusal is warranted, and the burden is met only through a showing of bias or impartiality to such an extent that the movant was deprived of a fair trial." *Drake*, 529 S.W.3d at 528. Rule 18b provides in part that a judge must recuse in any proceeding in which (1) "the judge's impartiality might reasonably be questioned," (2) "the judge has a personal bias or prejudice concerning the subject matter or a party," (3) the judge "has personal knowledge of disputed evidentiary facts concerning the proceeding," or (4) the judge knows he has an "interest that could be substantially affected by the outcome of the proceeding." TEX. R. CIV. P. 18b(b)(1), (2), (3), (6). A motion "must not be based

–5–

solely on the judge's rulings in the case." TEX. R. CIV. P. 18a(a)(3). The remedy for unfair rulings is to assign error regarding the adverse rulings. *Drake*, 529 S.W.3d at 528.

As noted above, Father's motion does not cite any of the rule 18b grounds for recusal. Instead, in addition to challenging the trial judge's failure to file "Foreign registration statements" and other documents, Father asserts several arguments regarding the trial court's authority to act under the United States Constitution and complains about lack of due process in this case. Because Father did not establish any grounds for recusal, the trial court did not err by continuing to preside over the case.[1] We decide Father's first issue against him. *See id.* at 529.

### 2. Personal jurisdiction

In his second issue, Father contends he "did not waive his personal jurisdiction issue when he was forced by threat to make an appearance against his will in the case." He argues that the trial court's issuance of a capias warrant for his arrest violated the United States Constitution, and he contends he "never gave up personal

---

[1] We note that even in the case of a tertiary recusal motion, where the trial court "shall continue" to preside over the case, sign orders in the case, and move the case to final disposition as though the motion had not been filed, the trial court is otherwise required to "comply with applicable rules of procedure for recusal." TEX. CIV. PRAC. & REM. CODE § 30.016(b). Under rule 18a(f)(1), if the trial court does not sign and file an order of recusal, it must sign and file an order referring the motion to the regional presiding judge. TEX. R. CIV. P. 18a(f)(1). Here, however, the record reflects that the motion was filed in the late afternoon on the day before the hearing and was not mentioned or brought to the trial court's attention at the hearing. Nor did Father notify the regional presiding judge, as rule 18a(f)(3) permits. TEX. R. CIV. P. 18a(f)(3). On this record, where Father did not establish any grounds for recusal and did not bring the matter to the trial court's attention, we conclude Father did not preserve his complaint and any error did not "probably cause[ ] the rendition of an improper judgment." *See* TEX. R. APP. P. 44.1, 33.1.

–6–

jurisdiction willingly" and "was held captive." The OAG responds to Father's arguments regarding the capias, and Mother responds to Father's arguments regarding personal jurisdiction.

The OAG argues that the capias was issued in accordance with the family code. *See* TEX. FAM. CODE § 157.066 (trial court may issue capias for arrest on proper proof if respondent has been personally served but fails to appear). The trial court signed an order for capias on February 6, 2020. The order recites that Father did not appear at a hearing on Mother's motion for enforcement on that date. The court found that the matter was "duly and properly set for hearing," and that Father failed to appear after being "personally served with timely notice and an order to appear." The court ordered the clerk to issue a writ of capias "commanding th[e] sheriff or peace officer to take the body of [Father] and bring him before this Court to answer the allegations" of Mother's motion. Father subsequently appeared before the court, was ordered to return for the March 12, 2020 hearing, and attended and participated in that hearing. Father complains only generally of being "forced by threat" to appear. He does not complain of any specific violation of the family code's procedures, and the record does not reflect any. *See* TEX. FAM. CODE §§ 157.061– 157.115 (procedures for setting hearing on motion to enforce and failure to appear).

Mother argues the trial court had personal jurisdiction over Father. She argues that Father was a party to the final decree of divorce rendered in the 303rd Judicial District Court of Dallas County. The decree included an order for Father to pay child

–7–

support. That court retained continuing exclusive jurisdiction of the children the subject of the suit and matters affecting them under family code Title 5, which includes child support. TEX. FAM. CODE ANN. §§ 155.001(a), 155.002, 155.003. After the decree was signed, the case was transferred to the 256th Judicial District Court of Dallas County. That court became "the court of continuing, exclusive jurisdiction and all proceedings in the suit are continued as if it were brought there originally." TEX. FAM. CODE § 155.206(a) (Effect of Transfer). Consequently, Mother's motion for enforcement was filed in the court of continuing exclusive jurisdiction over Father's obligation to support D.F.D. and T.Z.D. *Id.*

We conclude the trial court had personal jurisdiction over Father. We decide Father's second issue against him.

### 3. Attorney general letter

Father's third issue is a complaint that the OAG in this case has acted contrary to a 2019 opinion letter issued by the Attorney General of Texas. *See* TEX. ATT'Y GEN. OP. No. KP-0241 (2019) (regarding "standards courts apply when balancing the rights of the State against the fundamental rights of parents to raise their children free from government intrusion").[2] Father neither identifies an error made by the trial court nor explains how he preserved his complaint about the error for appeal.

---

[2] We note that the letter does not address child support.

*See* TEX. R. APP. P. 33.1 (preservation of complaint for appeal). We decide Father's third issue against him.

### 4. Attorney General as party

In his fourth issue, Father complains of the OAG's participation in this matter without showing its authority under civil procedure rule 12. *See* TEX. R. CIV. P. 12 (Attorney to Show Authority). He also contends that because he has no "legal contract" with either the OAG or Mother's attorney, there is no basis for the trial court's award of attorney's fees against him. As Mother argues, however, these issues are addressed in the family code and are well-settled. *See, e.g.*, TEX. FAM. CODE §§ 157.167 (on finding that respondent has failed to make child support payments, trial court shall order respondent to pay attorney's fees in addition to arrearages); 231.101 (Title IV-D agency [the OAG] may provide services including enforcement of child support orders); 234.001 (OAG shall establish and operate state case registry and state disbursement unit for child support). We decide Father's fourth issue against him.

### 5. Errors in reporter's record

In his fifth issue, Father argues the court reporter's record of the March 12, 2020 hearing contains "errors and Intentional fraud/forgery." His complaints, extending to more than fifty pages of his brief, fall into two categories: (1) typographical errors or other non-substantive complaints, such as the incorrect transcription of "imprisoned" as "in prison" and notations that witnesses were

"sworn" instead of transcribing the actual oath given; and (2) substantive complaints such as the failure of the trial judge to recuse himself and the constitutionality of requiring a parent to pay child support.

To the extent any errors exist in the first category, they may be corrected in the trial court in accordance with rule of appellate procedure 34.6(e). *See* TEX. R. APP. P. 34.6(e) (Inaccuracies in the Reporter's Record). Father, however, did not invoke this procedure, and in any event, the errors he identifies in this category are not probative on the issue before the trial court, that is, whether Father complied with the trial court's order to pay child support.

The second category of alleged errors—substantive legal complaints—must have been preserved for review and briefed in accordance with the rules of appellate procedure. *See* TEX. R. APP. P. 33.1 (preservation of complaint); 38.1(f) (requiring concise statement of issues in appellant's brief); 44.1 (reversible error). As we explained in *Bolling*, we may not identify possible trial court error, search the record for facts favorable to a party's position, or conduct legal research to support a party's contentions. *Bolling*, 315 S.W.3d at 895. To the extent Father's arguments were properly presented and briefed in his other issues, we have addressed them. To the extent they were not, we cannot consider them. *See id.* at 896. For these reasons, we decide Father's fifth issue against him.

### 6. Specificity of motion

In his sixth issue Father contends that "the Appellee's arguments are vague and non-specific to case law presented as they don't apply [to] the Father." This issue does not identify any specific argument by either Mother or the OAG. Nor does Father complain of any specific error by the trial court or explain how the complaint was preserved. Consequently, the issue presents nothing for our review. Accordingly, we decide Father's sixth issue against him. *See Bolling*, 315 S.W.3d at 895–96.

### CONCLUSION

We affirm the trial court's March 12, 2020 order.


200428f.p05

/Leslie Osborne//
LESLIE OSBORNE
JUSTICE

–11–



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

IN THE INTEREST OF D.F.D. AND
T.Z.D., CHILDREN

No. 05-20-00428-CV

On Appeal from the 256th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-18-19199.
Opinion delivered by Justice
Osborne. Justices Pedersen, III and
Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees Tierrany Sepulveda Daniels and The Office of the Attorney General of Texas recover their costs of this appeal from appellant David Lee Daniels III.

Judgment entered this 19th day of July, 2022.