

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00226-CV

_____

BETTY C. BRITTON, Appellant

V.

KENNETH K. LAUGHLIN, Appellee

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. C2020069

Before Sudderth, C.J.; Birdwell and Walker, JJ.
Memorandum Opinion on Rehearing by Justice Birdwell

## MEMORANDUM OPINION ON REHEARING

### I. Introduction

In October 2014, Appellant Betty C. Britton agreed to sell some land to Appellee Kenneth K. Laughlin in a contract for deed. Four years later, she sued Laughlin on the contract, and the trial court entered a take-nothing judgment against her and awarded damages and attorney's fees to Laughlin. Britton's appeal in that case is pending before the Fourteenth Court of Appeals in Houston (No. 14-20-00299-CV).[1]

In April 2020, relying on the same contract, Britton again sued Laughlin, who raised res judicata as an affirmative defense. In a single issue, Britton argues that the trial court erred by granting summary judgment on the affirmative defense. We initially affirmed in part and vacated in part because Laughlin paid part of what he owed under the parties' contract during the pendency of the appeal. *See Britton v. Laughlin*, No. 02-20-00226-CV, 2021 WL 3931981, at *3 (Tex. App.—Fort Worth Sept. 2, 2021, no pet. h.) (mem. op.).

In her motion for rehearing of our September 2, 2021 memorandum opinion, Britton complains that because Laughlin "finally paid what the lawsuit forced him to pay" during the pendency of the appeal, which resulted in mooting a portion of her appeal, she should no longer be held responsible for paying "attorney's fees that may

---

[1]*See* Supreme Court of Tex., *Transfer of Cases from Courts of Appeals*, Misc. Docket No. 20-9048 (Mar. 31, 2020).

total $84,721.50." We agree, withdraw our September 2, 2021 opinion and judgment, and substitute in its place this memorandum opinion and our contemporaneously issued judgment in which we affirm in part, vacate in part, and reverse in part the trial court's judgment and remand the attorney's-fee issue to the trial court.

## II. Discussion

We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). A defendant is entitled to summary judgment on the affirmative defense of res judicata if he conclusively proves all elements of that defense: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705–06 (Tex. 2021); *see* Tex. R. Civ. P. 166a(b), (c); *Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008) (op. on reh'g).

### A. The parties' contract for deed

The parties' contract for deed set out payment terms as follows:

(1) Pay monthly payments on Seller's Bank of America note . . . with the approximate balance of $115,000 for the real property that is a part of this Contract for Deed ("Contract"). This loan payment is subject to annual review, and the payment may increase according to the terms of original note.

(2) Pay any accrued interest monthly at the rate of (10%) ten per cent ($500.00—interest on $60,000.00) shall be paid at the place as Seller may direct, beginning on November 1, 2014 and continuing on the same day of each following month until the $60,000 principal has been paid in full. Purchaser may pay amounts toward the reduction

3

of principal in addition to interest payments. Interest for each month shall be calculated on the principal balance owed.

(3) Purchaser agrees to pay all amounts listed above in full on or before the maturity date, unless otherwise extended by written agreement of the Seller.

## B. Britton's first lawsuit

In her November 2018 lawsuit, Britton complained of Laughlin's having "defaulted under the contract, failing to make the payments to [her]" as required by the contract's second payment term, referenced as "the balloon payment." In February 2020, after a bench trial, the trial court entered a take-nothing judgment as to Britton and awarded damages to Laughlin on his counterclaim against her.

## C. Britton's second lawsuit

In her April 2020 lawsuit, Britton alleged that Laughlin had defaulted under the contract by "failing to make the payments to [her] and to the lender" as required by both the contract's first and second payment terms.

Laughlin answered with a general denial and the affirmative defense of res judicata based on the February 2020 judgment, and he moved for summary judgment on the affirmative defense. To his motion, he attached the parties' contract, Britton's petitions in both cases, and the February 2020 judgment. Britton responded with argument but no summary judgment evidence, and the trial court granted the motion after a hearing.

4

**D. Laughlin's motion to dismiss**

During this appeal's pendency, Laughlin's counsel filed a motion to dismiss, arguing that the appeal had become moot after Laughlin paid the Bank of America debt in full. He attached an affidavit and evidence showing the Bank of America debt's payment in full and his correspondence with Britton's counsel. *See* Tex. R. App. P. 10.2. Laughlin's counsel stated, "Having satisfied Payment Term 1, there is nothing left for Britton to gain from this case or appeal. Laughlin's payment gave her all the relief she requested. The Bank of America note has been discharged, and she is no longer the debtor." We denied the dismissal motion.

**E. Analysis**

In her single issue, Britton argues that the trial court erred by entering summary judgment for Laughlin based on res judicata of the $60,000 balloon payment when her second petition alleged a failure to pay the Bank of America note.

There is no dispute that the parties are the same in both lawsuits.[2] *See Eagle Oil & Gas Co.*, 619 S.W.3d at 705–06. In the first lawsuit, Britton sued Laughlin after he failed to pay the $60,000 balloon payment. A valid judgment that was final for res judicata purposes[3] resolved that claim. Thus, the trial court did not err when it

---

[2]In her motion to consolidate this appeal with the one in our sister court, Britton acknowledged that both cases involved the same parties and contract. We denied the motion to consolidate.

[3]"[A] trial court's judgment is final for purposes of res judicata or collateral estoppel even while the case is on appeal." *Gonzalez v. Guilbot*, 315 S.W.3d 533, 536

5

granted Laughlin's summary judgment motion on that claim, which Britton raised in both lawsuits. To the extent Britton raised this in her sole issue, we overrule it.

In the second lawsuit, Britton also complained that Laughlin had failed to make the Bank of America payments. Regardless of this claim's res judicata status, during the pendency of this appeal, it became moot upon Laughlin's payment of that debt. Accordingly, a justiciable controversy no longer exists between the parties on this claim. *See Glassdoor, Inc. v. Andra Grp., LP*, 575 S.W.3d 523, 527 (Tex. 2019). We overrule the remainder of Britton's sole issue as moot.

## F. Attorney's Fees

To his motion for summary judgment, Laughlin attached the parties' contract, which contains the following attorney's-fees provision:

> If either party retains an attorney to enforce this Contract, the prevailing party is entitled to recover reasonable attorney's fees and court costs and other expenses. The term 'prevailing party' means the party that has succeeded on a significant issue in the litigation and achieved a benefit with respect to the claims at issue, taken as a whole, whether or not damages are actually awarded to such party.

---

n.3 (Tex. 2010); *see Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986) (op. on reh'g) (adopting general rule that judgment is final for res judicata purposes despite appeal); *see also Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex. 1996) (op. on reh'g) (explaining reason for *Scurlock* rule's adoption "was the nonsensical alternative of retrying *the same issues between the same parties* in subsequent proceedings with the possibility of inconsistent results"). In *Texas Beef Cattle Co.*, the court explained that the *Scurlock* rule "merely binds the parties . . . to the original judgment and promotes judicial economy by forcing a losing party to follow the ordinary appeals process[] rather than relitigating the adverse fact findings in a new lawsuit." 921 S.W.2d at 208.

6

The trial court's judgment ordered that Britton take nothing and awarded to Laughlin $12,921.50[4] in "[r]easonable and necessary attorney's fees . . . for defending this case through this judgment," court costs, post-judgment interest, and the following additional conditional attorney's fees:

- $6,000 if Laughlin prevailed in any post-judgment motions in the trial court, along with post-judgment interest on that award;

- $15,000 if Laughlin had to apply for any writs or engage in other collection efforts, along with post-judgment interest on that award;

- $19,500 if Laughlin prevailed on an appeal to the intermediate court of appeals, along with post-judgment interest on that award;

- $37,000 if Laughlin prevailed on an appeal to the supreme court, along with post-judgment interest on that award.

Britton complains in her motion for rehearing that she might end up owing $84,721.50 in attorney's fees "for filing a suit that ultimately resulted in the payment of a debt [she] alleged was not being made."

Laughlin responded to Britton's motion by arguing that she had failed to preserve the attorney's-fee issue because she did not directly challenge it in her opening brief and that the fact that he paid the Bank of America debt during the

---

[4]Laughlin's attorney attached an affidavit for attorney's fees through summary judgment of $7,950 and estimated that Laughlin would incur an additional $4,575 in attorney's fees, for a total of $12,525, not the $12,921.50 awarded in the trial court's judgment.

pendency of the appeal "[did] not render the trial court's judgment in favor of Laughlin on his res judicata defense erroneous."

While we agree that Britton did not expressly challenge the attorney's-fee award in her opening brief, in her prayer for relief, she asked for "the case [to] be reversed and remanded for retrial." Because the supreme court has instructed us to "liberally construe issues presented to obtain a just, fair, and equitable adjudication of the rights of the litigants," *Kachina Pipeline Co. v. Lillis*, 471 S.W.3d 445, 455 (Tex. 2015) (op. on reh'g), and because Laughlin paid off the Bank of America debt during the pendency of the appeal to remove Britton's arguable issue, we think the attorney's-fee issue on rehearing is fairly before us. The trial court should reconsider the appropriate amount of attorney's fees now due under the parties' contract. *See id.* ("Kachina may be correct that there remain grounds on which a trial court may award fees. But because we decide Kachina did not prevail on two of the primary issues in dispute, we remand the issue to determine the appropriate award of costs and fees."); *see also Carowest Land, Ltd. v. City of New Braunfels*, 615 S.W.3d 156, 157–59 (Tex. 2020) (op. on reh'g).[5]

---

[5]The supreme court recently remanded a case in the interest of justice when an intermediate court of appeals essentially pulled the rug out from under the appellant in its conflicting resolution of interlocutory and final-order appeals. *Carowest*, 615 S.W.3d at 157–59. During the interlocutory appeal, the intermediate court held that the plaintiff's claims were not barred by governmental immunity, but in a final judgment after a jury trial (and some intervening case law), it held that the claims were barred by governmental immunity after all. *Id.* We think paying a disputed debt during the pendency of an appeal to remove the arguable issue and leave an appellant on the hook for attorney's fees (and thus manipulate the intermediate appellate court into preserving the attorney's-fee award) may be *Carowest*'s functional equivalent.

### III. Conclusion

We vacate the portion of the trial court's judgment that applies to Britton's now-moot Bank of America claim, affirm the portion of the judgment pertaining to res judicata, reverse the attorney's-fee award, and remand the case to the trial court for a redetermination of a reasonable and appropriate amount of attorney's fees and costs in light of the mooted Bank of America claim and in the interest of justice. *See* Tex. R. App. P. 43.6 (stating that "[t]he court of appeals may make any other appropriate order that the law and the nature of the case require").

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: November 10, 2021