# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00464-CV

**Scott Phillip Lewis, Appellant**

v.

**City of Austin; Austin Police Department; The City of Austin's Emergency Medical Services Department; Ryde Enterprises LLC; Daniel Deluna; and Chris Bocklet, Appellees**

### FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-24-008968, THE HONORABLE JESSICA MANGRUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Scott Phillip Lewis appeals from the trial court's order designating him a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code §§ 11.054, .101. We will affirm the order.

## BACKGROUND

Lewis sued appellees for negligence and civil conspiracy related to a November 2015 accident on Rainey Street in Austin, in which Lewis alleges a car struck the golf cart that he was riding in and left him with a concussion. Lewis maintains that the accident "was covered up intentionally" by the City of Austin and the Austin Police Department, and that all appellees "participated in a civil conspiracy to cause mental injuries" to Lewis.

The City of Austin, the Austin Police Department, and the City of Austin's Emergency Medical Services Department (collectively, the City) filed a motion to declare Lewis a vexatious litigant and to request security to proceed with this lawsuit. Following a hearing, at

which Lewis was sworn in and provided testimony and argument, the trial court granted the City's

motion.  Lewis appeals.[1]

## DISCUSSION

Although there are several grounds on which a court may make a vexatious-litigant

finding, the City relied on Texas Civil Practice and Remedies Code section 11.054(2):

> A court may find a plaintiff a vexatious litigant if the defendant shows that there is
> not a reasonable probability that the plaintiff will prevail in the litigation against
> the defendant and that:
>
> . . . .
>
> (2) after a litigation has been finally determined against the plaintiff, the plaintiff
> repeatedly relitigates or attempts to relitigate, pro se, either:
>
> > (A) the validity of the determination against the same defendant as to whom the
> > litigation was finally determined; or

---

[1] The City moved to dismiss Lewis's appeal, arguing that it was an improper interlocutory appeal that was not statutorily authorized.  This Court denied the motion to dismiss.  The City is correct that "no statute authorizes an interlocutory appeal from an order declaring a person to be a vexatious litigant and requiring the person to post security." *Nunu v. Risk*, 567 S.W.3d 462, 466 (Tex. App.—Houston [14th Dist.] 2019, pet. denied); *see* Tex. Civ. Prac. & Rem. Code § 11.051. And to the extent that Lewis intends to appeal the security-requirement portion of the trial court's order, we lack jurisdiction over that part of his appeal.  *See* Tex. Civ. Prac. & Rem. Code § 11.051; *Nunu*, 567 S.W.3d at 466.  But the City moved to have Lewis declared a vexatious litigant under another provision, specifically including in their motion a request for a prefiling order.  *See* Tex. Civ. Prac. & Rem. Code § 11.101(a).  The trial court granted the City's motion and subjected Lewis to the prefiling-order requirement.  Unlike an order granted pursuant to section 11.051, section 11.101(c) provides statutory authorization for an appeal of a prefiling order.  *Id.* § 11.101(c); *see Nunu*, 567 S.W.3d at 466.  Thus, we have jurisdiction over the portion of the trial court's order that constitutes a prefiling order under section 11.101(a).  *See Nunu*, 567 S.W.3d at 467; *Silver v. State*, No. 03-19-00537-CV, 2020 WL 742380, at *1 (Tex. App.—Austin Feb. 14, 2020, no pet.) (mem. op.) (resolving interlocutory appeal of section 11.101 prefiling order declaring appellant vexatious litigant).

> (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined . . . .

*Id.* § 11.054(2).

On appeal, Lewis challenges the trial court's order because he maintains that there is a reasonable probability that he will prevail in this litigation and he is not relitigating issues of fact or law that were determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined.

We review a trial court's determination that a plaintiff is a vexatious litigant under an abuse-of-discretion standard, considering whether the court ruled arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *Leonard v. Abbott*, 171 S.W.3d 451, 459 (Tex. App.—Austin 2005, pet. denied). However, because a trial court must make certain statutory evidentiary findings before exercising its discretion to declare a party a vexatious litigant, we also review those statutory evidentiary findings for legal and factual sufficiency. *See id.* When reviewing findings for legal sufficiency, if there is more than a scintilla of evidence to support the finding, the no-evidence challenge fails. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *Leonard*, 171 S.W.3d at 459. When reviewing findings for factual sufficiency, we set aside the trial court's decision only if its ruling is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *Leonard*, 171 S.W.3d at 459.

The City's evidence supporting its motion included Lewis's original complaint in federal court, the dismissal of his appeal of the dismissal of that suit for want of prosecution, and Lewis's petition in this case. Appellees' motion also cited to the dismissal with prejudice of his

3

federal suit. *See Lewis v. Williamson County, Tex.*, No. 1:24-CV-00118-ADA, 2024 WL 2874563, at *1 (W.D. Tex. May 24, 2024), *dismissed sub nom. Lewis v. Texas*, No. 24-50453, 2024 WL 4969948 (5th Cir. Nov. 20, 2024), *aff'd*, No. 24-50461, 2024 WL 4930392 (5th Cir. Dec. 2, 2024).

This evidence was sufficient to establish that there was not a reasonable probability that Lewis would prevail in his lawsuit because his claims were based on allegations in the prior lawsuit. *See Barr v. Resolution Tr. Corp.*, 837 S.W.2d 627, 628–29 (Tex. 1992) (stating that res judicata, which includes issue and claim preclusion, prevents relitigation of claim or cause of action that has been fully adjudicated and "related matters that, with the use of diligence, should have been litigated in the prior suit" and that collateral estoppel or issue preclusion "prevents re-litigation of particular issues already resolved in a prior suit"); *see, e.g.*, *Nunu v. Risk*, 567 S.W.3d 462, 469 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) (affirming vexatious-litigant finding because plaintiff was "attempting to relitigate issues that were finally determined by the 2016 judgment disposing of the claims" and "there is no reasonable possibility that [plaintiff] could prevail on the claims"). Lewis's federal complaint alleges that following a "hit and run accident on Rainey Street" in November 2015, the police "never followed up" with him, "seemingly attempting to cover up what happened." Likewise, in the dismissal of Lewis's federal suit, the district court specifically noted that Lewis "alleg[ed] intentional infliction of emotional distress by the City of Austin for purportedly leaving him out of a 2015 police report," which the court characterized as "frivolous." *Lewis*, 2024 WL 2874563, at *2. This suit involves claims that "allege negligence and civil conspiracy behind the omitted information in the police report" related to the same incident.

4

Lewis refers to the federal district court's decision to dismiss his suit as "broken logic" and disputes that the prior suit is final, arguing that "it is highly probable that the final determination of lawsuit #2 [the federal lawsuit] will be overruled on appeal." If that happens, Lewis maintains that "there would be an extremely high probability litigation will prevail." However, the evidence established that the original lawsuit was finally determined against him, as the prior dismissal of the federal suit with prejudice is final for purposes of res judicata and collateral estoppel. *See Henderson v. Armbrust & Brown, PLLC*, No. 03-24-00509-CV, 2025 WL 492506, at *4 (Tex. App.—Austin Feb. 14, 2025, no pet.) (mem. op.) (citing *Gonzalez v. Guilbot*, 315 S.W.3d 533, 536 n.3 (Tex. 2010)).

Lewis does not otherwise address the City's evidence or explain how or why this evidence was not sufficient to support the trial court's determination that he is a vexatious litigant. Instead, Lewis challenges the federal district court's dismissal of his prior suit; however, that is not part of this Court's inquiry in determining whether the City provided sufficient evidence of the statutory criteria establishing that Lewis is a vexatious litigant. Based on our review of the record, we cannot conclude that the trial court abused its discretion when it determined that Lewis is a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code § 11.054(2)(B). We overrule Lewis's issue on appeal challenging that determination.

## CONCLUSION

We affirm the trial court's order declaring Lewis a vexatious litigant.

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Kelly, and Theofanis

Affirmed

Filed: February 5, 2026